THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* OTHA CHARLES MALONE, Defendant-Appellant.

(No. 72-270; )

Second District—March 21, 1974.

*Rehearing petitions denied April 10 and April 24, 1974.*

Ralph Ruebner, Deputy Defender, of Elgin (Richard Wilson, Assistant Appellate Defender, of counsel), for appellant.

Gerry L. Dondanville, State's Attorney, of Geneva (Clarence Wittenstrom, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

Defendant appeals from the order revoking his probation and imposing a sentence of not less than 11 or more than 16 years to the Illinois State Penitentiary. Defendant was indicted in December 1967 for aggravated incest and indecent liberties with a child, namely, his stepdaughter, Deborah. As a result of a plea bargain, and because his coun-

sel stated, "there is a greater penalty on the indecent liberties," defendant pleaded guilty in January 1968 to aggravated incest. The record discloses that defendant's incestuous conduct with his step-daughter, as often as two or three times a week for 8 years, had begun when she was 5 years old.

At the urging of defendant's new pastor, Reverend Ervin Benz (defendant having found "religion") and another clergyman, Reverend Paul Johannaber, the trial judge in April 1968 granted defendant's application for probation placing him under the supervision of the two ministers, as special probation officers, for 5 years. Some of the conditions of probation were that defendant could not communicate with his children, nor consume alcoholic liquors, nor have firearms in his possession. The children were removed from defendant's home and later were taken to live with defendant's parents in Mississippi. In March 1971, upon the recommendation of both special probation officers, the court granted defendant permission to move to Mississippi where his wife was dying of cancer. (She died there a month later.)

On October 4, 1971, the State's Attorney filed a petition to revoke defendant's probation alleging that, in violation of his probation, he molested his own 11-year-old daughter, Janet, was carrying a concealed weapon, and was drinking alcoholic liquors. Defendant was arrested in Mississippi, broke jail, and escaped to Florida, where he was later arrested and extradited from that state and returned to Kane County. Court-appointed counsel moved for substitution of judges which the court denied.

At the probation revocation hearing in February 1972, three witnesses testified: Mr. O. C. Mundwiler, Kane County Probation officer, Mr. Benny Gaines, probation and parole officer for Northern Mississippi, and Reverend Johannaber. Mr. Mundwiler testified that in September 1971 he received a letter from Reverend Benz recommending revocation of defendant's probation and enclosing a letter which Reverend Benz had received from defendant's step-daughter, Deborah. Deborah's letter stated among other things that defendant "goes to bed with Janet" (his 11-year-old daughter). Mr. Mundwiler further testified that he forwarded this letter to Mr. Gaines with a request to investigate. Mr. Gaines testified, over objection as hearsay, (1) that the defendant's 70-year-old father stated to him that he found his granddaughter on occasion "in bed" with defendant, that defendant had "raped her" and the defendant "carried a weapon"; (2) that defendant's employer informed the witness that defendant was carrying a concealed weapon and that he was drinking and selling whiskey; (3) that the witness caused Janet to be examined by a physician, one Dr. Joseph Bruce, who prepared a medical

report that was received in evidence over objection. In that report Dr. Bruce stated that Janet told him prior to examination about two occasions when defendant attempted sexual acts. Reverend Johannaber testified that defendant, after being returned to Kane County, admitted to him that he had "returned to his old ways". Defendant objected to Reverend Johannaber's testimony on the basis of priest-penitent privilege which the witness did not invoke. Defendant neither took the stand himself at the hearing, nor called any witnesses in his behalf. At the conclusion of the hearing the order revoking defendant's probation and imposing sentence was entered by the trial court.

On appeal defendant contends: (1) that the violation of probation was not properly proved by the State, in other words, that defendant did not get a conscientious judicial determination according to accepted and well recognized procedural methods; (2) that arbitrary classification of father-daughter incest as aggravated incest violates defendant's constitutional rights of equal protection of the law and to freedom from discrimination on the basis of sex; (3) that the trial court erred in denying defendant's motion for substitution of judge for cause, and (4) that defendant's sentence is excessive.

■■ Here the only proof adduced as to violation of probation was the testimony of Mr. Gaines. Defendant was entitled to a conscientious judicial determination according to accepted and well-recognized procedural methods on the question of whether or not he had violated probation. Mr. Gaines' testimony as to what defendant's father and employer told him concerning defendant's conduct or actions, and a medical report of Dr. Bruce stating what defendant's daughter told him at the time of the examination are hearsay. Mr. Gaines acknowledged that he had not personally witnessed any actions by the defendant which would constitute violation of his probation, and that his only knowledge is "what somebody else told me." His testimony was, therefore, inadmissible and defendant's objection should have been sustained. Reverend Johannaber said merely that defendant admitted having "returned to his old ways". Such testimony, without more, provides no proof that defendant violated his probation. Upon remand the State will have an opportunity to establish by a preponderance of the evidence under orderly, accepted and well recognized procedural methods whether defendant violated the conditions of his probation. *People v. Crowell* (1973), 53 Ill.2d 447, 451, 292 N.E.2d 721, 723; *People v. Pier* (1972), 51 Ill.2d 96, 100, 281 N.E.2d 289; *People v. Hardnett* (1971), 132 Ill.App.2d 843, 846, 270 N.E.2d 864, 865; *People v. Collins* (1973), 14 Ill.App.3d 446, 302 N.E.2d 709, 711.

■■ In view of our holding on this point we need not consider the

other questions raised in the briefs and in defendant's several motions which were taken with the case. We presume that those questions will receive due consideration from the trial court upon remand. Therefore, the judgment revoking defendant's probation and imposing sentence is reversed, and this case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

T. MORAN, P. J., and GUILD, J., concur.