THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DALE GRAMMER, Defendant-Appellant.

(No. 73-170;

Third District—December 30, 1974.

James Geis and Robert Agostinelli, both of State Appellate Defender's Office, of Ottawa, for appellant.

Robert E. Richardson, State's Attorney, of Ottawa (Charles R. Marshall, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from an order dismissing petition of defendant Dale Grammer in a post-conviction proceeding. Ill. Rev. Stat. 1973, ch. 38, par. 122—1 *et seq.*

On June 12, 1970, defendant Dale Grammer pleaded not guilty to a two-charge indictment for aggravated incest. The charges were based on section 11—10 of the Criminal Code (aggravated incest) (Ill. Rev. Stat. 1969, ch. 38, par. 11—10). Defendant pleaded guilty to one count of aggravated incest and was thereafter sentenced to a term of not less than 2 years nor more than 10 years in the Illinois State Penitentiary. No direct appeal was ever taken from such conviction and sentence. Defendant now seeks post-conviction relief by means of a pro se petition as we have indicated. As we have also noted, following a hearing, the petition filed by appellant was dismissed.

The only issue raised by appellant on this appeal is that the classification of the father-daughter incest as aggravated incest violates appellant's right to equal protection of the law for the reason that the statute pursuant to which appellant pleaded guilty makes an improper classification on the basis of sex. Appellant did not raise this issue either on the trial or on appeal, since no appeal was ever filed in this case. Appellant likewise did not raise the issue in his post-conviction petition. It is raised for the first time on appeal from the dismissal of the post-conviction petition.

The People contend that appellant lacks standing to challenge the constitutionality of the statute since he is presumably not aggrieved thereby and, additionally, that he waived consideration of the issue by failing to raise the issue at trial. It is asserted that the issue was also waived by his plea of guilty and was further waived by failure of appellant to include the allegation of unconstitutionality in his petition for post-conviction relief. It is also contended by the People, on the merits, that the classification made in the challenged sections of the criminal code are proper and do not violate the equal protection provisions of the Illinois and United States constitutions.

As a preliminary matter, we should observe, that the Criminal Code subjects a male person to criminal conviction on the charge of aggravated incest if he has sexual relations with his daughter (Ill. Rev. Stat. 1973, ch. 38, par. 11—10). Only the father can be convicted thereunder as the

statute does not refer to the daughter as a violator. In 1970, when petitioner-appellant pleaded guilty, a person convicted of aggravated incest could be imprisoned a minimum term of 2 years and a maximum term of 20 years. Under the Unified Code of Corrections, the offense is a Class 2 felony punishable by the same maximum but with a permitted minimum of 1 year.

In the Criminal Code, in contrast to the aggravated incest provision, it is provided that any person who has heterosexual relations with his or her mother, son, sister or brother, may be convicted on the charge of simple incest. (Ill. Rev. Stat. 1973, ch. 38, par. 11—11.) In 1970 the punishment for such simple incest was by penitentiary term of 1 to 10 years. Under the Code of Corrections, the offense is classified as a Class 3 felony and is punishable the same as prior to the Code.

It is noted that a male, as a father, can be convicted only on the charge of aggravated incest since the simple incest provision does not apply to a father. While only a father can be convicted of father-daughter incest (since the daughter is not subject to conviction), both parties to sexual relations can be convicted in the case of mother-son or sister-brother incest. Accordingly, a female person can be convicted as a sister under the incest statute but not as a daughter under the aggravated incest statute.

On the basic issue before us, it is first contended by the People that appellant lacks standing to challenge the constitutionality of the statute under which he was charged and to which he pleaded guilty, since he was not aggrieved by the alleged constitutional objection, by virtue of the fact that the maximum sentence that could be imposed on appellant does not exceed the maximum permissible under simple incest. While we have indicated in *People v. Campbell*, 16 Ill.App.3d 851, that anyone attacking the constitutionality of a statute must be aggrieved by the alleged objection, that rule does not operate to deprive appellant of standing in the cause before us. The position of appellant is that the aggravated incest statute is based upon an improper classification and, as such, is invalid. The standing of appellant is based on the fact that he is a member of the class, namely fathers, which is allegedly treated improperly in a different manner than other members of the family, notably as to the minimum sentence provided.

It is a well-settled rule that where an appeal is taken from a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those which could have been raised, but were not, are deemed waived for the purposes of post-conviction relief. (*People v. Kamsler*, 40 Ill.2d 532.) The rule varies, however, where no appeal is pursued. The party who fails to appeal waives those rights based on mere

error at the trial but is still entitled to assert those constitutional rights which the Post-Conviction Act is designed to protect. Therefore, a party who fails to appeal, for whatever reason, waives those rights based on mere error at the trial but can assert "any right which may have existed to a post-conviction hearing on the constitutionality of his imprisonment." (*People v. Rose*, 43 Ill.2d 273, 279.) Thus, where the post-conviction petitioner has not taken a direct appeal, as was true in the instant case, he may raise, in a post-conviction petition, every constitutional issue which "appears or is suggested by the record." *People v. Eatmon*, 47 Ill.2d 90.

We thus reach the primary factors to be considered as to appellant's status. It is noted that while the failure to seek a direct appeal does not waive constitutional issues, those issues must appear or be suggested by the trial record. The failure to raise a constitutional issue at the trial would operate to waive that contention at a post-conviction hearing since it would not "appear or be suggested by the record." While the *Rose* and *Eatmon* cases do not confront the issue of waiver directly, the conclusion emerges from them, and is a logical extension of the rule, that the failure to raise a constitutional issue at trial waives the issue for the purposes of appeal. (*People v. Amerman*, 50 Ill.2d 196, 279 N.E.2d 353.) The *Amerman* case specifically applied the rule to the challenge of constitutionality of the statute under which petitioner there was charged. As stated in the *Rose* case, petitioner has no right to a post-conviction hearing on those issues not raised at trial. Since the appellant in the case before us pleaded guilty, he did not raise such issue at trial and, therefore, he has waived consideration of the challenge to the constitutional validity of the aggravated incest statute.

In *People v. Frey*, 54 Ill.2d 28 (where the Illinois abortion statute was declared void), the Illinois Supreme Court consolidated the conviction of *Frey* with the conviction of *Mirmelli* in *People v. Mirmelli*, 130 Ill. App.2d 1. The appellate court in *Mirmelli* did not consider the constitutionality of the abortion statute since it was not raised at the trial. The refusal of the court to consider the issue was founded upon the same decision which served as a basis for the *Amerman* decision. The supreme court declared the statute void and reversed the convictions therein without mention of appellant Mirmelli's failure to raise the constitutional issue at trial. The First District Appellate Court in *People v. Graves*, 23 Ill. App.3d 762 has held that the *Frey* case has overruled, by implication, the rule in *Amerman*. The appellant urges this court to accept the ruling in *Graves*, and to extend its import to permit consideration of a contention that a statute is unconstitutional, where the contention is made for

the first time at post-conviction hearing appeal, where no direct appeal was taken. We do not find that the *Amerman* rule was overruled by *Frey*, and the conclusion in *Graves* seems to be unsupported by anything which was said by the Supreme Court in the *Frey* case. The rule in *Amerman* was a well-settled one. (See *People v. Luckey*, 42 Ill.2d 115, 245 N.E.2d 769; *People v. Brand*, 415 Ill. 329.) In the cause before us, the claim of waiver is further supported by defendant's plea of guilty, which waives all nonjurisdictional issues. (*People v. Hysell*, 48 Ill.2d 522), and also by the failure to include the claim in the original post-conviction petition which amounts to a waiver of the issue as well. See Ill. Rev. Stat. 1973, ch. 38, par. 122—3.

The last case cited by appellant on the issue of waiver is *People v. Sarelli*, 55 Ill.2d 169, 302 N.E.2d 317. In that case, defendant was convicted under the old narcotics drug act. His appeal questioned the sufficiency of the evidence but did not contest the constitutionality of the statute. After his appeal was dismissed, the court held the statute unconstitutional in *People v. McCabe*, 49 Ill.2d 338. The precise issue in the *Sarelli* case was whether the determination of invalidity of the statute upon which the conviction rests requires vacation of the conviction when the issue of constitutionality is raised for the first time in post-conviction proceedings. The court held that this could be done, and the judgment of conviction was reversed. Appellant contends that this case permits consideration of the constitutional challenge to the statute in the instant case. We do not believe the *Sarelli* case aids appellant in this case. To consider otherwise would require that we permit consideration of a constitutional attack upon the validity of the incest statute in a case where the issue is not raised at the trial; not raised on direct appeal; raised for the first time in the post-conviction hearing appeal; and, also, where the statute has not been declared unconstitutional in any other proceeding. The *Sarelli* case apparently is intended to be, and is, limited to the factual situation which existed in *Sarelli*. The *McCabe* case was determined by the court to be applicable to cases pending on appeal on that day and to be applied whether or not the issue had been previously waived. (*People v. Hudson*, 50 Ill.2d 1.) The principle applied was simply to the effect that it would be unjust and unfair to permit a conviction to stand on the basis of a statute which has already been declared invalid. That reasoning does not apply to a case where the statute has not been declared invalid in any manner in any proceeding previously or simultaneously.

■■ On the basis of the *Amerman* decision and the others which have been discussed in the course of this opinion, it is apparent that the issue which is sought to be raised by appellant challenging the constitutionality of the incest statute has been waived.

For the reasons stated, the judgment of the Circuit Court of La Salle County is affirmed.

Affirmed.

STOUDER, P. J., and SCOTT, J., concur.