(No. 47350.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. DALE GRAMMER, Appellant.

*Opinion filed February 5, 1976.*

James Geis, Deputy Defender, Office of State Appellate Defender, of Ottawa (Robert Agostinelli, Assistant Defender, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Frank Yackley, State's Attorney, of Ottawa (James B. Zagel, Jayne A. Carr, and Raymond McKoski, Assistant Attorneys General, of Chicago, of counsel), for the People.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the Third District which affirmed an order of the circuit court of La Salle County dismissing a post-conviction petition (Ill. Rev. Stat. 1971, ch. 38, par. 122—1 *et seq.*) filed by defendant, Dale Grammer. Defendant's conviction resulted from a plea of guilty to a charge of aggravated incest for which he was sentenced to a term of 2 to 10 years in the penitentiary. On appeal to the appellate court he abandoned the issues initially raised in his post-conviction petition and for the first time challenged the constitutionality of the aggravated incest statute (Ill. Rev. Stat. 1969, ch. 38, par. 11—10). The appellate court affirmed the judgment of the circuit court on the basis that defendant had waived the issue of the statute's constitutionality by failing to raise it at his trial or in his first post-conviction petition. (*People v. Grammer* (1974), 24 Ill. App. 3d 648.) We granted defendant leave to appeal in which he contests the correctness of the appellate court judgment and argues that the aggravated incest statute denies him equal protection of the law under the Illinois Constitution of 1970 and the fourteenth amendment to the Federal Constitution.

On April 13, 1970, defendant was indicted on two counts of aggravated incest resulting from acts of deviate sexual conduct which he allegedly performed with his natural daughter. He entered a not guilty plea to both counts on June 2, 1970, but subsequently withdrew this

plea and pleaded guilty to one count. The second count was dismissed on a motion by the State, and defendant was sentenced on September 21, 1970. No direct appeal of this conviction was taken. Defendant's post-conviction petition was filed on February 18, 1972. During oral argument before this court, counsel for defendant indicated that the defendant was paroled from prison on November 2, 1975, after having served 5 years of his sentence.

While disposition of this matter may be correctly made on the basis of waiver by defendant's failure to properly raise his constitutional challenge, nevertheless we believe that it is appropriate to resolve the constitutional issue raised by defendant.

Defendant maintains that the aggravated incest statute denied him equal protection of the law because it arbitrarily discriminated against him on the basis of sex. The pertinent statutes provided:

"Aggravated Incest.

(a) Any male person who shall perform any of the following acts with a person he knows is his daughter commits aggravated incest:

(1) Has sexual intercourse; or

(2) An act of deviate sexual conduct.

(b) 'Daughter' for the purposes of this Section means a blood daughter regardless of legitimacy or age; and also means a step-daughter or an adopted daughter under the age of 18.

(c) Penalty.

A person convicted of aggravated incest shall be imprisoned in the penitentiary from 2 to 20 years." Ill. Rev. Stat. 1969, ch. 38, par. 11—10.

"Incest.

(a) Any person who has sexual intercourse or performs an act of deviate sexual conduct with another to whom he knows he is related as follows commits incest:

(1) Mother or son; or

(2) Brother or sister, either of the whole blood or the half blood.

(b) Penalty.

A person convicted of incest shall be imprisoned in the penitentiary from one to 10 years." (Ill. Rev. Stat. 1969, ch. 38, par. 11—11.)

Defendant points out that under the aggravated incest statute, which limits its applicability to father-daughter incest, a male can be convicted and sentenced to imprisonment from 2 to 20 years, while a female who performed the same act with her son would be convicted under the incest statute and sentenced to imprisonment from only 1 to 10 years.

It is defendant's contention that there is no rational legislative justification for this classification, which established a greater penalty for male defendants. He cites sections 2 and 18 of article I of the 1970 Illinois Constitution, which respectively provide: "No person shall *** be denied the equal protection of the laws", and "The equal protection of the laws shall not be denied or abridged on account of sex by the State ***." In *People v. Ellis* (1974), 57 Ill.2d 127, 132-33, this court found that section 18 "requires us to hold that a classification based on sex is a 'suspect classification' which, to be held valid, must withstand 'strict judicial scrutiny.' "

A review of the facts of the present case, however, discloses that defendant's conviction occurred prior to the general effective date of the 1970 Constitution (July 1, 1971). Moreover, the period of time in which defendant could directly appeal his conviction lapsed prior to this effective date. (See Ill. Rev. Stat. 1969, ch. 110A, pars. 606(b) and (c).) Section 2 of the Transition Schedule of the Constitution provides: "Any rights, procedural or substantive, created for the first time by Article I shall be prospective and not retroactive." The State's equal protection clause and section 18 of article I were made part of this State's constitution for the first time under the 1970 Constitution. Any claim for enforcement of rights predicated on either of these two sections is prospective only. (See also *People v. McCalvin* (1973), 55 Ill.2d 161, 168

(Goldenhersh, J., specially concurring).) We are of the opinion that defendant cannot avail himself of these provisions of the 1970 Constitution.

We note that an analogous situation involved the Federal Constitution. The twenty-first amendment to the United States Constitution, which became effective on December 5, 1933, repealed the eighteenth amendment, which had established national prohibition. In *United States v. Chambers* (1934), 291 U.S. 217, 78 L. Ed. 763, 54 S. Ct. 434, Chambers and a co-defendant had been indicted for violating and conspiring to violate the National Prohibition Act. (41 Stat. at Large, ch. 85, p. 305, 27 U.S.C.A. sec. 1 *et seq.*) The indictment was filed prior to the ratification of the twenty-first amendment. Chambers pleaded guilty and his cause was then continued. On December 6, 1933, the case of Chambers' co-defendant was called for trial. At this time Chambers filed a plea in abatement and his co-defendant filed a demurrer to the indictment, each contesting the legality of the charges based upon this change in the Constitution. On appeal, the United States Supreme Court held that in those situations where prosecutions for violations of the National Prohibition Act, including proceedings on appeal, were begun or continued after the ratification of the twenty-first amendment, the repeal of the eighteenth amendment deprived the courts of jurisdiction, and accordingly, the proceedings must necessarily fail. The Supreme Court specifically noted that it was not dealing with a case where final judgment had been rendered prior to the ratification, since such a case would present a distinct question. In subsequent lower Federal court cases, however, individuals who had been convicted of violating the National Prohibition Act collaterally attacked their convictions under *habeas corpus*. In considering these petitions the Federal courts held that the twenty-first amendment was not retroactive in application and that it had no effect upon any conviction which had become final prior to its ratification.

*Ellerbee v. Aderhold* (N.D. Ga. 1934), 5 F. Supp. 1022; *Hosier v. Aderhold* (5th Cir. 1934), 71 F. 2d 422; *Rives v. O'Hearne* (D.C. Cir. 1934), 73 F.2d 984; *United States ex rel. Randall v. United States Marshal* (2d Cir. 1944), 143 F.3d 830, and cases cited therein.

In the present case defendant did not directly appeal his conviction and he now attempts to collaterally attack it under the Post-Conviction Hearing Act. In *People v. Harvey* (1973), 53 Ill.2d 585, 590, and *People v. Chupich* (1973), 53 Ill.2d 572, 584, we defined "final adjudication," as used in the statutes under consideration, to mean the termination of the last proceeding on direct appeal. We believe this definition is applicable here. Accordingly, defendant's conviction was finally adjudicated at the expiration of the time to make a direct appeal, which occurred before the effective date of the 1970 Constitution. The constitutionality of the classification between aggravated incest and incest must, therefore, be determined under the traditional principles of equal protection.

Defendant, however, implicitly argues that we should consider his challenge to the statute under the 1970 Constitution, since, if the statute is later held unconstitutional under the 1970 Constitution, his conviction must then be reversed. We can find no authority for this proposition, and the cases defendant has cited which relate to it are clearly distinguishable. These cases, such as *People v. Sarelli* (1973), 55 Ill.2d 169, do not involve changes in constitutions or constitutional provisions which resulted in particular statutes being held unconstitutional.

In the resolution of this appeal, we do not reach the question of whether the classification at issue can withstand strict judicial scrutiny under the 1970 Constitution. In this regard we note that several appellate court decisions have considered this issue with varying results. See *People v. Boyer* (1974), 24 Ill. App. 3d 671, Supreme Court Docket No. 47305; *People v. York* (1975), 29 Ill. App. 3d 113; *People v. Yocum* (1975), 31 Ill. App. 3d 586,

Supreme Court Docket Nos. 47934, 48013; *People v. Williams* (1975), 32 Ill. App. 3d 547, Supreme Court Docket No. 47968.

While classifications which were arguably based solely upon sex have been held to be suspect classifications under the present Illinois Constitution (*People v. Ellis* (1974), 57 Ill.2d 127, 132-33; *Phelps v. Bing* (1974), 58 Ill.2d 32, 35), they have not been so held under our prior decisions which antedate the effective date of the 1970 Constitution. (See *People v. Pardo* (1970), 47 Ill.2d 420, 424, *appeal dismissed for want of a substantial Federal question, Pardo v. Illinois*, 402 U.S. 992, 29 L. Ed. 2d 158, 91 S. Ct. 2179; *Jacobson v. Lenhart* (1964), 30 Ill.2d 225, 227.) Moreover, the United States Supreme Court has declined to hold that sex is a suspect classification under the Federal Constitution. (See *In re Estate of Karas* (1975), 61 Ill.2d 40, 51.) The standard of review to be employed in determining the validity of statutory classifications under the Federal equal protection clause, which are not suspect classifications or do not infringe fundamental rights, is whether the classifications are rationally related to the legitimate governmental objective. (*In re Estate of Karas* (1975), 61 Ill.2d 40, 47-48; *People ex rel. City of Salem v. McMackin* (1972), 53 Ill.2d 347, 363.) The party who challenges the presumptive validity of the classification has the burden of proving that it is arbitrary. *People v. Sherman* (1974), 57 Ill.2d 1, 4.

In response to defendant's arguments, the State maintains there are substantial reasons for the classification between the two statutes which, in the context of this case, results in a greater penalty for the defendant. These reasons may be summarized as follows: Fathers are typically dominant in the family and more readily can coerce an incestuous relationship; father-daughter incest occurs more frequently than mother-son incest; and the father-daughter incestuous relationship results in more severe consequences upon a daughter—the unwanted preg-

nancy she may be forced to bear and the potential physical injury she may suffer if she is very young.

We believe it is unnecessary to repeat the State's position and its underlying theories in greater detail. The defendant has failed to establish that the classification between aggravated incest and incest is unreasonable and arbitrary. The reasons set forth by the State provide a rational basis for distinguishing between these two crimes and the penalties attendant to each. "The equal-protection clause does not deny the States the power to classify in the exercise of their police power and it recognizes the existence of a broad latitude and discretion in classifying. [Citation.] If any state of facts may reasonably be conceived which would justify the classification, it must be upheld. [Citation.] The right of judicial questioning of a classification under the equal-protection clause is thus limited." *People v. McCabe* (1971), 49 Ill. 2d 338, 340-41.

Accordingly, we hold that the aggravated incest statute was constitutionally valid at the time defendant's conviction became final. The judgment of the appellate court is affirmed.

*Judgment affirmed.*