(No. 47305.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. HAROLD P. BOYER, Appellee.

*Opinion filed May 14, 1976.—Rehearing denied June 28, 1976.*

William J. Scott, Attorney General, of Springfield, and Roger W. Thompson, State's Attorney, of Lincoln (James B. Zagel, Jayne A. Carr, and Raymond McKoski, Assistant Attorneys General, of Chicago, of counsel), for the People.

Richard J. Wilson, Deputy Defender, Office of State Appellate Defender, of Springfield, for appellee.

MR. JUSTICE CREBS delivered the opinion of the court:

The defendant was convicted in the circuit court of Logan County of the offense of aggravated incest and was sentenced to a term of imprisonment of not less than 1 nor more than 5 years.

The defendant appealed the conviction and challenged the constitutionality of the aggravated incest statute (Ill. Rev. Stat. 1973, ch. 38, par. 11–10). The Appellate Court for the Fourth District, with one justice dissenting, held that the penalty provision of the statute was unconstitutional because it constituted an unwarranted discrimination against males in violation of section 18 of article I of the Constitution of Illinois. (*People v. Boyer*, 24 Ill. App. 3d 671.) The court reasoned that a man convicted of aggravated incest is guilty of a Class 2 felony while a woman who is guilty of the same conduct is deemed to have committed the offense of incest, which is punishable as a Class 3 felony (Ill. Rev. Stat. 1973, ch. 38, par. 11–11). The appellate court affirmed the defendant's conviction but remanded the case to the circuit court with instructions that the defendant be resentenced for a Class 3 felony. We have granted the State's petition for leave to appeal the decision of the appellate court. The sole issue before this court is the constitutionality of the aggravated incest statute.

Section 11–10 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 11–10) provides in relevant part that:

> "(a) Any male person who shall perform any of the following acts with a person he knows is his daughter commits aggravated incest:
>> (1) Has sexual intercourse; or
>> (2) An act of deviate sexual conduct."

Section 11–11 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 11–11) provides in relevant part that:

"(a) Any person who has sexual intercourse or performs an act of deviate sexual conduct with another to whom he knows he is related as follows commits incest:
 (1) Mother or son; or
 (2) Brother or sister, either of the whole blood or the half blood."

The defendant was charged with and convicted of having sexual intercourse with his daughter. Aggravated incest being a Class 2 felony, he could have been sentenced from 1 to 20 years in the penitentiary. The defendant now argues that he and other males charged with the offense of aggravated incest are discriminated against on the basis of their sex because females guilty of the same conduct face possible punishment of from 1 to 10 years in the penitentiary. The defendant alleges that this classification scheme violates section 18 of article I of the Illinois Constitution, which states:

"The equal protection of the laws shall not be denied or abridged on account of sex by the State or its units of local government and school districts."

The State's position is that the legislature was justified in establishing the classification scheme in sections 11—10 and 11—11.

The defendant asserts that the classification scheme created by sections 11—10 and 11—11 of the Criminal Code is based on sex and that it should therefore be subject to close judicial scrutiny. The State argues that the traditional equal protection test should be applied because the classification scheme is not based primarily on sex but at least in part on biological, psychological, physiological, cultural and anthropological factors. Specifically, it is alleged that the traditional male dominance in a family relationship, the fact that father-daughter incest occurs more often than other types of incest, the potential psychological and physical injuries inflicted upon victims of a father-daughter incestuous relationship and the biological risk that genetically defective offspring may

result from such a relationship are factors upon which the classification scheme is based. Similar arguments were recently presented to this court in *People v. Grammer,* 62 Ill.2d 393. In *Grammer,* the appellant sought collateral review of his conviction on the grounds that the aggravated incest statute was violative of equal protection. There too the contention was made that article I, section 18, of the 1970 Constitution required application of a strict scrutiny test. However, since the appellant's conviction and time period for direct appeal antedated the effective date of the 1970 Constitution, we had no occasion to "reach the question of whether the classification at issue can withstand strict judicial scrutiny under the 1970 Constitution." 62 Ill.2d 393, 399.

In like fashion, we need not and do not decide whether strict scrutiny *must* be applied here. It will suffice for us to hold that, in our view, the State has demonstrated an interest which justifies, under either standard, the classification at issue. That the State has an interest in protecting potential victims of incestuous relationships is obvious. It is also apparent that a female victim of a father-daughter incestuous relationship is exposed to potential harm to which male victims of incestuous relationships are not exposed. The defendant is unquestionably correct in stating that the psychological trauma that may result from incest is potentially severe whether the object of the incest is a male or a female. The possibility that the female victim may become pregnant, however, adds considerably to the potential harm that may result from a father-daughter incestuous relationship. A female who is impregnated by her father is confronted with a traumatic experience beyond the experience of the incestuous act itself. The female must either endure the pregnancy and give birth to a baby or make the decision to have an abortion. If a child is born as a result of the incest, the female victim must either care for the child herself or give the baby up for adoption. The physical change in a female

who becomes pregnant could in itself be a source of trauma to the female. The potential psychological damage to the victim of a father-daughter incestuous relationship is admittedly difficult to estimate, but it is surely existent and considerable. Additionally, a pregnant woman is exposed to some physical dangers. While the statute prohibits deviate sexual conduct, as well as intercourse, and such acts could not cause pregnancies, the legislature could reasonably conclude that enhanced penalties were required to deter deviate sexual conduct, since such actions if undeterred would normally lead to acts of intercourse. We therefore agree with the State that the physical and psychological dangers of incest are greater when the offense is committed by a male and the victim is his daughter. We hold that the State's interest in protecting potential victims of incestuous relationships justifies the statutory classification at issue.

For the foregoing reasons, we reverse the decision of the appellate court and affirm the judgment of the circuit court of Logan County.

*Appellate court reversed;*
*circuit court affirmed.*