THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* OTHA CHARLES MALONE, Petitioner-Appellant.

Second District (2nd Division)   No. 74-354

Opinion filed May 18, 1976.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Gerry L. Dondanville, State's Attorney, of Geneva (Clarence Wittenstrom, Jr., Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

In 1968, defendant pled guilty to the charge of aggravated incest and was sentenced to a five-year term of probation. Defendant did not take a direct appeal as provided for under the Code of Criminal Procedure. (Ill.

Rev. Stat. 1967, ch. 38, §117—1(d).) In 1972, his probation was revoked and he was sentenced to serve a term of 11 to 16 years in the penitentiary. Defendant appealed from the revocation of probation and from the sentence imposed (*People v. Malone*, 18 Ill. App. 3d 397 (1974)), asserting that the aggravated incest statute was unconstitutional because classifying the father-daughter relationship as aggravated incest constituted an irrational classification based on sex, and thus violated the equal protection clause. This court, however, never reached that contention for it overturned the revocation of defendant's probation on procedural grounds. *People v. Malone*, 18 Ill. App. 3d 397, 399-400 (1974).

In April of 1974, defendant filed a post-conviction petition and again raised his constitutional attack upon the aggravated incest statute. The State's subsequent motion to dismiss this petition was granted and defendant now appeals from that dismissal.

Defendant attacks the constitutionality of the statute on the basis that aggravated incest, which is confined to a father's sexual abuse of the father-daughter relationship, carries a sentence of 2 to 20 years in the penitentiary (Ill. Rev. Stat. 1967, ch. 38, §11—10), while incest, which involves mother-son sexual misconduct, is punishable by a sentence of from 1 to 10 years in the penitentiary. (Ill. Rev. Stat. 1967, ch. 38, §11—11(a)(1).)[1] Defendant asserts that the punishable conduct is the same, regardless of whether it is performed by the mother and son or by the father and daughter; that the disparate penalties constitute an irrational classification based solely on sex; and that he was, consequently, denied equal protection of the law as mandated by section 1 of the fourteenth amendment of the United States Constitution and section 18 of article I of the Illinois Constitution of 1970.

In the recent case of *People v. Grammer*, 62 Ill. 2d 393 (1976), defendant pled guilty to one count of aggravated incest in 1970, prior to the effective date of the 1970 Illinois Constitution. After failing to take a direct appeal, defendant filed a post-conviction petition in 1972 and therein attacked the constitutionality of the aggravated incest statute on the same grounds advanced by defendant in the present case. The supreme court initially rejected defendant's reliance on section 18 of article 1 of the 1970 State Constitution by holding that the 1970 constitution, which had only prospective application, was not in effect on the date defendant entered his guilty plea and was thus inapplicable in that case.

The same situation is present in the case at bar since defendant's plea of

---

[1] The disparity between the sentences for aggravated incest and incest continues under the Unified Code of Corrections which designates incest as a Class 3 felony (Ill. Rev. Stat. 1973, ch. 38, §11—11) and aggravated incest as a Class 2 felony (Ill. Rev. Stat. 1973, ch. 38, §11—10).

guilty was entered in 1968. We similarly reject defendant's argument based on article I, section 18.

The court in *Grammer* then analyzed the merits of defendant's attack on the aggravated incest statute under the traditional principles of equal protection. In upholding the constitutionality, the court found that there was a rational basis for distinguishing between the crimes of incest and aggravated incest and their respective sentences. (*People v. Grammer*, 62 Ill. 2d 393, 400-01 (1976).) We find *People v. Grammer* controlling on this issue and affirm the judgment of the trial court. Also see *People v. Boyer*, 63 Ill. 2d 433 (1976).

Judgment affirmed.

RECHENMACHER, P. J., and DIXON, J., concur.