THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
OTHA CHARLES MALONE, Defendant-Appellant.

Second District (1st Division)   No. 75-331

Opinion filed September 13, 1976.

Ralph Ruebner and Peter B. Nolte, both of State Appellate Defender's Office, of Elgin, for appellant.

Gerry L. Dondanville, State's Attorney, of Geneva (Phyllis J. Perko, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court: This is the third appeal involving this defendant. In the first appeal, *People v. Malone* (1974), 18 Ill. App. 3d 397, 309 N.E.2d 325, this court reversed the revocation of probation of the defendant and remanded for the reason that testimony resulting in his revocation of probation was based upon hearsay. Attention is directed to the facts in that case. Sufficeth to say, defendant was originally convicted of aggravated incest with his stepdaughter, placed on probation and, with the court's permission, moved to the State of Mississippi. It was alleged in that case that the defendant had sexually molested his own 11-year-old daughter and as a result he was incarcerated. He escaped from jail but was captured and returned to Kane County where his probation was revoked upon the basis of his alleged incestuous conduct. In *People v. Malone* (1976), 38 Ill. App. 3d 157, 347 N.E.2d 862, we considered the post-conviction hearing of the defendant who contended that the aggravated incest statute was unconstitutional. On the authority of *People v. Grammer* (1976), 62 Ill. 2d 393, 342 N.E.2d 371, the judgment of the trial court dismissing the petition was affirmed.

As indicated above, the revocation proceedings were reversed and remanded to the trial court and the mandate was filed in the Circuit Court of Kane County on October 31, 1974. On November 8, 1974, the defendant filed a motion for substitution of judge pursuant to section 114—5(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 114—5(a)). On November 19, 1974 the State's Attorney of Kane County filed a second petition to revoke the defendant's probation, alleging that the defendant had escaped from the lawful custody of Tishimingo County, Mississippi, on November 29, 1971. On December 3, 1974, defendant filed an additional motion for substitution of judge, pursuant to section 114—5(c) of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 114—5(c)). On December 10, 1974, a hearing was held on both motions for substitution of judge and both motions were denied by the trial court, who was the same judge who had originally revoked defendant's probation. On December 20, 1974, a hearing was

held on the second petition to revoke probation. At that time the defendant filed a motion to dismiss the second petition alleging that the proceeding was a violation of due process because the basis for the revocation of probation had occurred almost three years prior to the petition for revocation. The court, following arguments, denied this motion. The State then offered no proof as to the alleged incestuous conduct of the defendant in Mississippi and the original petition for revocation of probation on that basis was dismissed. In support of the petition for revocation based upon defendant's escape from jail, the State offered into evidence a deposition of the sheriff of Tishimingo County taken on December 10, 1974, which was admitted over objection. Based upon this deposition, the probation of the defendant was again revoked.

In this appeal defendant has raised four issues. One, that the trial court erred in summarily denying defendant's motion for substitution of judge for cause; two, that the court erred in denying defendant's motion to dismiss the second petition to revoke probation based upon the escape of the defendant where the State waited almost three years to charge the commission of the escape as a basis for revocation; three, that the trial court erred in admitting the evidence deposition over defendant's objection; and four, that the sentence imposed upon the defendant is improper under the pertinent provisions of the Unified Code of Corrections.

■■ Considering the first contention of the defendant, that the court erred in denying defendant's motion for substitution of judge, the defendant has relied upon the provisions of section 114—5 the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 114—5(a) or (c)). Defendant concedes that this statute refers only to substitution of judge at trial. In support of this contention defendant has cited *People v. Wilson* (1967), 37 Ill. 2d 617, 230 N.E.2d 194. In *Wilson* the Supreme Court held that, under the facts of that case, the defendant was in fact entitled to a change of venue for a post-conviction hearing. The court pointed out that a post-conviction hearing is the review of an existing judgment, is civil in character and is primarily to review and determine the existence of alleged deprivation of constitutional rights. The court further stated:

"In the present case defendant alleges certain *in camera* conversations between his attorney and the trial judge which may be material to a determination of his rights. It would seem that either the trial judge would be a material witness to these proceedings, or would have knowledge *de hors* the record of the truth or falsity of these allegations." 37 Ill. 2d 617, 621, 230 N.E.2d 194, 197.

The issue of substitution of judges was presented in *People v. Loden* (1975), 31 Ill. App. 3d 612, 615, 334 N.E.2d 337, 340, where this court held

that a post-conviction hearing was not a criminal proceeding and that, therefore, a motion for substitution of judge was not granted as a matter of right but was within the discretion of the trial court. We further held that:

> "* * * in *People v. Wilson* it was pointed out that where possible prejudice was shown by the affidavit or if the judge was a potential witness in the post-conviction hearing, then the failure to recuse himself constitutes error."

In so holding we followed the dictates of *Wilson*, however, in the case at bar, we do not find that the same is applicable to revocation of probation proceedings, nor do we find *People v. Washington* (1967), 38 Ill. 2d 446, 451, 232 N.E.2d 738, cited by defendant, to be in point. In *Washington* the Supreme Court merely found that, " 'either the trial judge would be a material witness * * * or would have knowledge *de hors* the record of the truth or falsity' of the allegations of [defendant's] petition," where defendant's petition alleged misrepresentation of the trial judge as to the sentence to be imposed and the prosecutor's unfulfilled promises of a reduced sentence. Under those circumstances the cause was transferred to another judge for hearing on defendant's post-conviction hearing. That is not the situation in the case before us. In further support of defendant's position, defendant has cited *People v. Holmes* (1971), 1 Ill. App. 3d 28, 30, 272 N.E.2d 254, 256. The court there stated:

> "It is argued that the judge who grants probation should not hear evidence of alleged violations and determine revocation. It is the theory that such a judge is so disappointed at the failure of his judgment that he cannot achieve a fair hearing. We are asked to originate a rule which would require that proceedings in revocation be heard by a judge other than the one who granted probation.
>
> Nothing suggests such a statutory intent. Ch. 38, §117—1, *et seq.*, Ill. Rev. Stat. 1967. The statutory language itself suggests the contrary, but it is not now necessary to determine such question."

The pertinent provisions of section 117—1 *et seq.* of chapter 38 are now found in section 5—6—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4) and cover the procedure for revocation of probation. As was stated in *People v. Holmes*, this court will not originate a rule which requires that proceedings in revocation of probation be heard by a judge other than the one that granted probation. We do not find that revocation of probation is analogous to a post-conviction hearing. In our opinion the revocation of probation proceeding is a part of the sentencing procedure under Illinois law and the court retains jurisdiction for the purpose of sentencing a defendant

who does not comply with the terms of his probation. Defendant contends that the trial court herein was prejudiced in that, in granting the probation to the defendant, he warned him as to the consequences if he were to violate his probation. This court recognizes that this is common practice in trial court proceedings where probation is granted. We expressly find that section 114—5(a), providing for substitution of judge prior to trial, does not apply to probation revocation hearings, nor do we find that a defendant is automatically entitled to substitution of judge for cause under the provisions of 114—5(c) on the ground that the trial judge has warned the defendant of the consequences of his violation of the terms of probation. Defendant is entitled to, and was given, a hearing on this issue by the trial court and in the absence of abuse of discretion we will not and do not substitute our judgment for that of the trial court herein.

■■ The second contention of the defendant is that the trial court erred in denying defendant's motion to dismiss the petition to revoke his probation based upon his escape from the Tishimingo County jail. The basis for this contention is that the State waited almost three years to allege this violation of probation and that this intentional delay to the prejudice of the defendant deprived him of due process. In support of this contention, the defendant has cited *People v. Williams* (1973), 10 Ill. App. 3d 428, 431, 294 N.E.2d 61, 63. In that case this court stated that a court may lose the power to conduct a hearing on the issue of the violation of probation if it does not proceed within a reasonable time after the apprehension of the probationer. In *Williams*, however, we recognized:

> "In determining whether the period of time here involved was reasonable, a lack of prejudice to the defendant caused by the delay, either claimed by him or evident from the record, as well as his failure to request an earlier hearing is relevant. *People v. Kostaken*, 16 Ill. App. 2d 395, 399."

In *Williams* we found that the defendant was given a hearing on the petition to revoke probation within a reasonable time. In the case before us the defendant escaped from the Tishimingo County, Mississippi, jail on November 29, 1971. The petition to revoke probation based upon this escape was filed on November 19, 1974. As indicated above, defendant's probation was originally revoked based upon alleged incestuous conduct with his daughter in Mississippi. When this revocation was remanded by this court the State's Attorney chose to proceed on revocation of probation based upon the subsequent escape from jail after the defendant's arrest in Mississippi for the incestuous conduct. There is no question but that there were two specific alleged violations of probation, one being the alleged incestuous conduct and the other being the escape from jail. The counsel for the defendant states, as a basis showing

prejudice to defendant caused by the delay, that it is difficult for the defendant even to remember the incident of the escape from jail. It is difficult to believe that the defendant would not recall his escape in Mississippi and his subsequent apprehension in Florida and his return to Kane County, Illinois. There is no evidence in the record that the defendant requested a hearing on the escape charge as being a violation of probation nor is there any evidence from the record that the defendant is prejudiced because of the delay. In support of this contention the defendant has cited *People v. Hryciuk* (1967), 36 Ill. 2d 500, 224 N.E.2d 250. We do not find *Hryciuk* to be a case on point as in that case the defendant was convicted of rape in 1939 and in 1953 a new trial was ordered at which time the prosecution decided to prosecute the defendant for murder, which was done and the defendant sentenced to 199 years. The Supreme Court found that the delay was deliberate and calculated and a delay of 14 years raises a presumption of prejudice. However, in the case at bar the activities of the defendant resulting in his incarceration and subsequent escape involve two violations of probation and, in the facts before us, this court does not believe that the defendant was prejudiced by the delay allowable within the statutory period. We find that defendant was given a hearing within a reasonable time in view of all of the circumstances of the facts of this case. We therefore do not find that the due process rights of the defendant were violated in the subsequent filing of the second charge of violation of probation.

■■ We turn then to the third contention of the defendant that the trial court erred in admitting into evidence, over objection by the defendant, the evidence deposition of the sheriff of Tishimingo County, Mississippi. The proof of the jail escape, resulting in the revocation of defendant's probation, was based solely upon this evidence deposition. Historically, evidence depositions were not admissible in criminal cases. Illinois has no statute authorizing the taking and using of depositions in criminal cases. The trend in the various States and in Illinois has been toward the use of such depositions where a potential witness will be unable to appear at a hearing or trial in a criminal case. As a result of this, Supreme Court Rule 414 was adopted which provides in pertinent part:

> "(a) If it appears to the court in which a criminal charge is pending that the deposition of any person other than the defendant is necessary for the preservation of relevant testimony because of the substantial possibility it would be unavailable at the time of hearing or trial, the court may, upon motion and notice to both parties and their counsel, order the taking of such person's deposition under oral examination or written questions for use as evidence at a hearing or trial." (Ill. Rev. Stat. 1975, ch. 110A, par. 414.)

Insofar as the evidence deposition introduced into evidence herein is concerned, there was no court order authorizing the taking of the same, there was no notice to defense counsel that the same would be taken nor was there any evidence introduced whatsoever that there was a substantial possibility that the sheriff of Tishimingo County, Mississippi, would not be available at the time of the hearing for the revocation of probation. It is patent that the introduction of this deposition was error. It being the only basis for the revocation of the probation of the defendant herein, this cause must be reversed and remanded.

■■ Lastly, defendant contends, and the State concedes, that under the provisions of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(3)), the sentence of 11-16 years imposed upon the defendant was improper. Aggravated incest is a Class 2 felony and under the provisions of section 5—8—1(c)(3) the minimum term which may be imposed shall not be greater than one-third of the maximum term set by the court, which in this case would have been five years and four months, with credit given for the time served on probation.

The order of the trial court revoking the probation of the defendant is reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.

SEIDENFELD and HALLETT, JJ., concur.