Donald L. MCDONALD, Petitioner–Appellant,

v.

James H. PAGE, Respondent–Appellee.

No. 00–3239.

United States Court of Appeals, Seventh Circuit.

Submitted June 27, 2001.*

Decided July 2, 2001.

Rehearing Denied Aug. 7, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. Fed. R.App. P. 34(a)(2).

Before POSNER, RIPPLE, and DIANE P. WOOD, Circuit Judges.

### ORDER

 After a jury trial Donald McDonald was found guilty of sexually assaulting his girlfriend's thirteen-year-old daughter. Because Mr. McDonald had prior felony convictions, he was sentenced as a habitual offender under Illinois law to life imprisonment. After exhausting his state remedies, Mr. McDonald filed a petition for a writ of habeas corpus. The district court denied relief but granted a certificate of appealability (CA) on Mr. McDonald's claim that the Illinois habitual offender sentencing provision is applied in a racially discriminatory manner and therefore violates the Equal Protection Clause. We affirm.[1]

We initially confront the question of procedural default. The district court determined that Mr. McDonald had procedurally defaulted his equal protection claim because the Illinois appellate court rejected it based on an adequate and independent procedural bar. We agree.

The Illinois appellate court concluded that Mr. McDonald had waived his equal protection claim because he did not raise it in his post-conviction petition. In support the court cited 725 ILCS 5/122–3, which unambiguously provides that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." Mr. McDonald suggests, however, that the appellate court erred in its finding of waiver because, based on his interpretation of Illinois law, a challenge to the constitutionality of a statute may be raised at any time. But the Illinois Supreme Court has held

---

1. Mr. McDonald has briefed several issues beyond the scope of the CA granted by the district court. The state asks that we refuse to consider whether to expand the CA to include these additional issues. But we have twice rejected similar requests by the state. *See Ouska v. Cahill–Masching,* 246 F.3d 1036, 1045–46 (7th Cir.2001); *Porter v. Gramley,* 112 F.3d 1308, 1312 (7th Cir.1997). We recently made clear in *Ouska* that "we shall continue to consider requests to amend a certificate of appealability even when they are presented in a petitioner's briefs to this court." *Ouska,* 246 F.3d at 1046. We therefore construe the inclusion of these claims in Mr. McDonald's brief as a request to expand the CA. But after reviewing the district court's final order and the record on appeal, we conclude that Mr. McDonald has not made a substantial showing of the denial of a constitutional right with respect to any of his additional claims. *See* 28 U.S.C. § 2253(c)(2). We therefore deny Mr. McDonald's implicit request to expand the CA.

that even constitutional challenges to a statute can be waived if not raised in a post-conviction petition. *See People v. Grammer,* 62 Ill.2d 393, 342 N.E.2d 371, 373 (1976), *aff'g* 24 Ill.App.3d 648, 321 N.E.2d 735 (1974); *see also People v. Dorris,* 319 Ill.App.3d 579, 253 Ill.Dec. 855, 746 N.E.2d 303, 305 (2001) (rejecting argument that constitutionality of statute could be raised at any time on post-conviction review). Moreover, this finding of waiver is sufficient to preclude federal habeas corpus review, even though the appellate court discussed the merits of Mr. McDonald's claim in an alternative holding. *See Harris v. Reed,* 489 U.S. 255, 264 n. 10, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); *Fernandez v. Sternes,* 227 F.3d 977, 981 (7th Cir.2000); *Neal v. Gramley,* 99 F.3d 841, 843–44 (7th Cir.1996). And although a procedural default may be excused if a petitioner demonstrates cause and prejudice or that a fundamental miscarriage of justice will result if the claim is not considered, *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Wilson v. Briley,* 243 F.3d 325, 329 (7th Cir.2001), Mr. McDonald made no attempt to satisfy either showing. Federal review of Mr. McDonald's claim is therefore barred.

Accordingly, we AFFIRM the judgment of the district court.