THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH RICHARD WILLIAMS, Defendant-Appellant.

(No. 72-85;

Second District—March 15, 1973.

Ralph Reubner, of Defender Project, of Elgin, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan, (James W. Jerz, of Model District State's Attorneys Office, of counsel,) for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Kenneth Richard Williams, the defendant, appeals from the judgment below which revoked probation and imposed a sentence of 2-10 years on the original charge of burglary. He claims that the trial court did

not have jurisdiction to conduct the revocation hearing and to impose sentence because of an unreasonable delay in proceeding.

Defendant pleaded guilty to burglary on May 10, 1968, and was placed on probation for a period of 5 years. On April 25, 1969, the State's Attorney of Lake County, Illinois, filed a petition to revoke defendant's probation for failure to report to the Probation Officer in Macon County, where the probation had been transferred. A warrant immediately issued. On January 23, 1970, defendant was arrested in Decatur, Illinois, for burglary, and on this same date the Sheriff of Lake County placed a detainer on the defendant while he was in the custody of Macon County officials.

On March 5, 1970, the Lake County State's Attorney wrote to the State's Attorney of Macon County stating that his office would file a petition for revocation on the Lake County charge and would recommend a sentence to be concurrent with the sentence which would be imposed in Macon County. The defendant pleaded guilty to the Macon County charge on March 11, 1970, and was sentenced to 2-10 years. The State's Attorney of Lake County first became aware of this disposition on March 29, 1971.

On April 1, 1971, the defendant filed a *pro se* motion to quash the 1969 petition to revoke probation. This was denied. On May 25, 1971, defendant moved to quash the supplemental petition which had been filed on May 18, 1971, and had added the Macon County conviction as an additional ground for revocation of probation. This motion also was denied after an evidentiary hearing, and the court then conducted the hearing on the merits of the probation violation and entered the judgment from which defendant here appeals.

The defendant argues that the delay of some 14-16 months, (depending on whether time is measured from the date of the January 23, 1970, detainer or from the March 11, 1970, guilty plea in Macon County) to the date of the filing of the supplemental petition on May 18, 1971, amounts to an unreasonable delay which deprived defendant of his United States Sixth Amendment Constitutional right to a speedy trial as implemented by Ill. Rev. Stat. 1971, ch. 38, sec. 103—5(a). Defendant urges that the cases which have interpreted the 120 day provision governing a speedy trial should, by analogy, be applied to the hearing to revoke probation (Ill. Rev. Stat. 1971, ch. 38, secs. 117—3(a),(b)) and the consequent delay in sentencing of the defendant on the theory that both statutory provisions are expressions of legislative intent to implement the right to a speedy trial.

The State responds that no jurisdictional question is involved since one admitted to probation remains subject to the jurisdiction of the

court by the express terms of Ill. Rev. Stat. 1971, ch. 38, sec. 117—1(c) during the probation period, within which the hearing was conducted. The State argues that the 14-16 month interval is not unreasonable under the circumstances of this case because no prejudice resulted to the defendant since he did not request an earlier hearing and received a concurrent term in Lake County in accordance with the bargain he made with the Macon County authorities.

■■ We agree that the trial court did not lose jurisdiction under the facts of the case. Issuance of the warrant for violation of probation within the probationary period was in itself sufficient to maintain the court's jurisdiction over the defendant. Ill. Rev. Stat. 1971, ch. 38, sec. 117—3(a); *People v. Riso* (1970), 129 Ill.App.2d 356, 360; *People v. Cahill* (1921), 300 Ill. 279, 284-285.

■■■ The court may lose the power to conduct a hearing on the issue of the alleged violation of probation if it does not proceed within a reasonable time after the apprehension of the probationer. (Ill. Rev. Stat. 1971, ch. 38, sec. 117—3(b).) We cannot agree with defendant's theory, however, that the 120 day statute governing trials is to be imported even by analogy into the statutory scheme for probation violation hearings. The legislature has not seen fit to treat trials and revocation hearings in the same way (cf. Ill. Rev. Stat. 1971, ch. 38, sec. 103—5 and sec. 117—3); and the courts have likewise recognized distinctions between trial and probation revocation proceedings. *People v. Simms* (1969), 108 Ill.App.2d 281, 282; *People v. Kostaken* (1958), 16 Ill.App.2d 395, 398; *People v. Price* (1960), 24 Ill.App.2d 364, 372.

Defendant has placed considerable reliance on *People v. Vaughn* (1972), 4 Ill.App.3d 51, but we think it inapposite since it specifically ruled on the 120 day provision of section 103—5.

In *People v. Kostaken,* 16 Ill.App.2d 395, an interval of 17 months between the date of the issuance of a warrant for violation of probation and the hearing did not deprive the accused of a speedy trial. Defendant seeks to distinguish the case on the ground that it ruled on the provision of the former statute (Ill. Rev. Stat. 1957, ch. 38, sec. 789) which did not contain any limitation of time within which a hearing must be held to revoke probation, whereas the successor statute before us includes the requirement of a "reasonable time" after the apprehension of the probationer within which a hearing must be held. We cannot agree that under the former statute a hearing could be indefinitely postponed, limited only by the period of probation. We think the former statute also was subject to the constitutional right of a defendant in a probation revocation hearing to constitutional protections. (See *People v. Price,* 24 Ill.App.2d 364, 376.) The present statute specifying a *reasonable time* for

the hearing is the expression of the constitutional protection which was implied in the former section 780.1. See Smith-Hurd Annotated, ch. 38, sec. 117—3, Committee Comments.

■■ In determining whether the period of time here involved was reasonable, a lack of prejudice to the defendant caused by the delay, either claimed by him or evident from the record, as well as his failure to request an earlier hearing is relevant. *People v. Kostaken,* 16 Ill.App.2d 395, 399.[1]

■■ Here the defendant, although aware of the proceedings pending in Lake County, did not request an early hearing. It is apparent that the delay was not oppressive and that, since he was given a concurrent sentence, he was not prejudiced under the circumstances of this case because of the delay. We find that the defendant was given a hearing on the petition to revoke probation within a reasonable time under all the circumstances, and that therefore the court had jurisdiction to impose the sentence after revoking probation.

We therefore affirm the judgment below.

Affirmed.

T. MORAN and GUILD, JJ., concur.

---

[1] The Uniform Mandatory Disposition of Detainers Act (ABA Standards Relating To Speedy Trial, Approved Draft, 1968-Appendix) has the basic purpose of permitting a prisoner to clear a detainer based upon an outstanding indictment, information or complaint pending in the same state by making request for final disposition. The proper correctional official is required to inform a prisoner within one year after a detainer has been filed against him at the institution. If the trial and the charge is not held within a reasonable time after such request or if the prisoner is not notified within one year, the charge becomes void and the detainer is dismissed with prejudice. Illinois apparently has no formal sanction of the common detainer practice. (See *People v. Mikrut* (1969), 117 Ill.App.2d 444, 450; *People v. Akins* (1971), 270 N.E.2d 107, 109.) Adoption of a uniform mandatory disposition of detainer statute in Illinois, in our view, could obviate problems similar to the one before us.