The People of the State of Illinois, Plaintiff-Appellee, *v.* Johnnie Washington, Defendant-Appellant.

(No. 59733;

First District (5th Division)—May 9, 1975.

James J. Doherty, Public Defender, of Chicago (Harold A. Cowen and Ronald P. Alwin, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and William J. Haddad, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendant appeals from an order revoking the sentence of probation which had been entered on his plea of guilty to a charge of armed robbery in violation of section 18—2 of the Criminal Code (Ill. Rev. Stat. 1967, ch. 38, par. 18—2) and sentencing him to a term of 4 to 12 years. He contends that: (1) he was deprived of his right to a speedy probation revocation hearing, and (2) he is entitled to sentence credit for the time he spent on probation.

On April 29, 1968, defendant was indicted for armed robbery. Upon arraignment, he pleaded not guilty. On May 5, 1970, following more than 25 continuances occasioned primarily by defendant or by defendant's failure to appear, he changed his plea to guilty and requested to be placed on probation. The court, after proper admonishments, accepted his change of plea, sentenced him to probation for a term of 5 years, and warned him of the consequences of violating his probation. The State voluntarily dismissed a burglary charge against defendant arising out of the same facts.

On January 28, 1971, the probation department applied to the court for the issuance of an arrest warrant based upon defendant's failure to appear on August 17, 1970, on a subsequent burglary charge. The court issued the warrant.

On February 20, 1973, defendant, stating that he had been incarcerated in Mississippi since October of 1971, filed a pro se motion to dismiss "the charge lodged against [him]" because the State had failed to act promptly.

A rule was entered, on April 13, 1973, requiring defendant to show cause why his probation should not be terminated. A probation report accompanying the rule reiterated the grounds alleged in the application for the arrest warrant and indicated that defendant had been returned to Illinois. A supplementary probation report containing the details of defendant's arrest in Mississippi was filed with the court on May 31, 1973.

On July 2, 1973, the probation department filed a presentence report and the State filed an answer to defendant's motion to dismiss and a copy of the March 15, 1972, Mississippi judgment finding defendant guilty of grand larceny. The court denied defendant's motion to dismiss; revoked defendant's probation; and after hearing testimony in aggravation and mitigation, sentenced defendant to a term of 4 to 12 years.

OPINION

■■ Defendant contends that he was deprived of a speedy probation-revocation hearing. He argues that, notwithstanding *People v. Kostaken,* 16 Ill.App.2d 395, 148 N.E.2d 615, the sixth and fourteenth amendments to the U.S. Constitution now mandates a speedy probation revocation hearing. In *Kostaken,* this court, relying upon the difference between criminal proceedings and probation revocation proceedings, determined that the constitutional right to a speedy trial is inapplicable to probation revocation hearings. Recently, this view was confirmed by the court in *People v. Williams,* 10 Ill.App.3d 428, 294 N.E.2d 61. Notwithstanding changes in the statutes, under these precedents, a probation revocation hearing must be held within "a reasonable time." (See *People v. Williams,* 10 Ill.App.3d 428, 430-431, 294 N.E.2d 61, 63.) Moreover, we note that

the State is under no duty to inquire of the correctional officials in other jurisdictions regarding a defendant's whereabouts. *People v. Beard*, 15 Ill.App.3d 663, 666, 304 N.E.2d 707, 709.

Although certain procedural rights are clearly mandated by due process of law in probation revocation proceedings, defendant cites no case which expressly makes the speedy trial provision applicable to such hearings. Defendant attempts to extend the holdings in certain Federal cases. (*E.g., Gagnon v. Scarpelli*, 411 U.S. 778.) However, we note that the Federal cases he cites maintain a distinction between criminal proceedings and probation-revocation proceedings which is the basis of Illinois rule in the matter.

In the instant case, the arrest warrant for violation of probation was issued on January 28, 1971. The State concedes that it became aware in November, 1971, of defendant's detention in Mississippi on criminal charges. The State explains that it took no action against defendant on the warrant since criminal proceedings were pending against him in Mississippi and that it was not informed of the disposition of these proceedings until defendant's motion to dismiss was filed. The Mississippi judgment was actually rendered on March 15, 1972; and defendant's motion was filed on February 20, 1973. Defendant was brought to Illinois in early April of 1973 and the matter was finally disposed of on July 2, 1973.

■■ Here, since Illinois authorities were awaiting the outcome of criminal proceedings in Mississippi and since they promptly acted when they received notice of the disposition of those proceedings, we do not believe the delay here was unreasonable. Furthermore, defendant had a probation-revocation hearing, and the record before us does not indicate that this hearing was either unfair or that defendant was unable to present whatever evidence he believed was required. Therefore, even if the speedy trial provision is applicable to probation-revocation hearings, defendant here was provided a hearing within a reasonable time and no prejudice resulted by the delay in conducting the hearing.

■■ Defendant also contends that he is entitled to credit for the time he spent on probation. Section 5—6—4(h) of the Unified Code of Corrections (Ill. Ann. Stat., ch. 38, § 1005—6—4(h) (Smith-Hurd 1973)), as originally enacted, provided:

> "Resentencing after revocation of probation or of conditional discharge shall be under Article 4. [Ill. Rev. Stat. 1973, ch. 38, par. 1005—4—1 *et. seq.*] Time served on probation or conditional discharge shall be credited against a sentence of imprisonment or periodic imprisonment."

Clearly, pursuant to this section, the Unified Code of Corrections applies

to sentencing upon revocation of probation and a defendant is entitled to credit for the time he has served on probation.

Section 5—6—4(a) of the Unified Code (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(a)), in relevant part, provides:

> "The issuance of such warrant or summons shall toll the sentence of probation or of conditional discharge until the final determination of the charge, and the term of probation or conditional discharge shall not run so long as the offender has not answered the summons or warrant."

Defendant is entitled to credit for the time he served on probation, until the arrest warrant was issued, in this case, January 28, 1971.

The judgment is affirmed, but the cause is remanded for resentencing to provide defendant with such credit as the court finds he is entitled to in accordance with this opinion.

Affirmed and remanded.

DRUCKER and SULLIVAN, JJ., concur.