THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GREGORY CRAWFORD, Defendant-Appellant.

Fifth District   No. 79-277

Opinion filed June 10, 1980.

John H. Reid and John W. McGuire, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Donald Lowery, State's Attorney, of Metropolis (Raymond F. Buckley, Jr., and Martin N. Ashley, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE HARRISON delivered the opinion of the court:

Defendant Gregory Crawford appeals from a judgment of the circuit court of Massac County revoking his probation and sentencing him to four years' imprisonment. On appeal he contends that he was denied due process of law, his probationary period was not tolled by the filing of the initial petiton where revocation was based on charges contained in the amended petition which was filed after the probationary term would have otherwise run, his sentence should be reduced and the trial court acted arbitrarily in denying him credit for time served on probation. For the following reasons, we reverse the judgment of the circuit court.

On February 18, 1977, defendant was sentenced to a two-year term of probation after having pleaded guilty to a charge of unlawful delivery of a controlled substance. The probationary conditions were that he not

violate a criminal statute of any jurisdiction and that he pay a fine of $1000 in monthly installments of $100 commencing March 1, 1977. On September 12, 1977, defendant was arrested and charged in Johnson County with two counts of unlawful delivery of cannabis. He was immediately incarcerated in the Massac County jail where he remained for 73 days.

On February 15, 1979, a petition to revoke defendant's probation was filed by the Massac County State's Attorney alleging that defendant had committed a theft in Union County and had failed to completely pay the aforesaid fine. Defendant did, however, complete payment of the fine on February 17, 1979. On February 27, 1979, nine days after defendant's probationary term would have expired, an amended petition to revoke was filed, realleging the grounds of the initial petition and adding the two Johnson County drug charges. Defendant objected to the amendment on the grounds that the State's Attorney had knowledge of the Johnson County charges when they were filed 17 months previously and the first petition tolled the probationary period but the amended one did not since it was filed more than two years after he was placed on probation. The State's Attorney argued that the first petition tolled the probation such that the petition could be amended and argued that he was new in office and had just learned of the charges. Defendant's objections and subsequent motion to dismiss on the same grounds were overruled and denied.

The revocation hearing was held on March 29, 1979, the testimony during which need not be recounted here. There was no evidence of the allegations contained in the initial petition to revoke, but the court found the State had sustained its burden of proving that defendant had committed the Johnson County offenses. A presentence report was ordered, a sentencing hearing was held with testimony being taken, and the trial court sentenced defendant to four years' imprisonment with no credit for time served on probation. It is from this judgment that defendant appeals.

■■ Appellant first contends that the 17-month delay between the time he was charged with the Johnson County drug offenses and the time the State filed its amended petition alleging those two offenses as grounds for revocation denied him due process of the laws. It is clear that those on parole or probation are guaranteed due process rights. (*Gagnon v. Scarpelli* (1973), 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756; *Morrissey v. Brewer* (1972), 408 U.S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593; *People v. Beard* (1974), 59 Ill. 2d 220, 226, 319 N.E.2d 745, *cert. denied* (1975), 421 U.S. 992, 44 L. Ed. 2d 483, 95 S. Ct. 1999.) Such procedural safeguards protect the interests of both the probationer and the State: The probationer "to insure that his liberty is not unjustifiably taken away and

the State to make certain that it is neither unnecessarily interrupting a successful effort at rehabilitation nor imprudently prejudicing the safety of the community." (*Gagnon v. Scarpelli* (1973), 411 U.S. 778, 785, 36 L. Ed. 2d 656, 664, 93 S. Ct. 1756, 1761.) It was long ago recognized that

> "[w]hen there has been a violation of the conditions of a parole, the parole authorities, if they desire to take advantage of it, should proceed with reasonable diligence to issue and execute a warrant for the arrest of the parolee. Failure to do so may result in the waiver of the violation and loss of jurisdiction." (*Greene v. Michigan Department of Corrections* (6th Cir. 1963), 315 F.2d 546, 547.)

Accordingly, it has also been held that where a charge sufficient to revoke probation has been known for over two years, and absent any deception on the part of the probationer in hiding that offense from the authorities, such delay in initiating revocation proceedings can deny the probationer his rights to due process, for such delay rarely acts to serve the aforesaid interests of either the individual or the State. *United States v. Tyler* (5th Cir. 1979), 605 F.2d 851, 853.

■■ Here, the underlying charges which resulted in revocation were allegedly committed some seven months after appellant was placed on probation, but were not charged in the petition to revoke until nine days after the probationary period would otherwise have run. The initial petition was filed three days before probation would have expired. We need not address the question whether the initial petition tolled the probationary term such that probation could be revoked on the grounds alleged in the amended petition which was filed after the period had run. Rather, we hold that in any event appellant was denied his due process rights guaranteed by the fourteenth amendment of the United States Constitution by the delay in filing an action to revoke his probation as a matter of fundamental fairness.

The State presented no evidence on the initial grounds charged in the petition to revoke. The grounds for revocation were solely the Johnson County drug charges. The testimony of Johnson County sheriff Elry Faulkner showed that he and the State's Attorney had personally discussed appellant's incarceration in the Massac County jail on the drug charges. Also, Massac County sheriff's deputy Freeman Cockrel testified that the State's Attorney received daily a list of all persons being held in the jail, and that this practice was followed during the 73-day period appellant was incarcerated there on the drug charges. The prosecutor's argument that he was new in office and had no knowledge of the Johnson County charges is of no avail for two reasons: First, Sheriff Faulkner clearly testified that he discussed appellant's presence in the county jail with State's Attorney Lowery, and second, we believe that knowledge

chargeable to the office of the State's Attorney is chargeable to anyone holding that particular position, as a matter of law as well as good sense.

Therefore, we find no good reason for the 17-month delay between the underlying offenses and the action taken to revoke appellant's probation. Appellant served the remainder of his probation without incident so far as the record indicates, and he paid off the remainder of his $1000 fine before the probationary term expired. There was no deceit on his part regarding the drug offenses (*United States v. Sciuto* (7th Cir. 1976), 531 F.2d 842, 847); on the contrary, the State's Attorney's office had knowledge as early as September 1977 that appellant had been charged with these offenses. To revoke his probation under these circumstances would fail to satisfy the established guideline that "probation should be revoked only in those instances in which the offender's behavior demonstrates that he or she 'cannot be counted on to avoid antisocial activity.' *Morrissey v. Brewer, supra*, 408 U.S. at 479, 92 S. Ct. at 2599." (*United States v. Reed* (8th Cir. 1978), 573 F.2d 1020, 1024.) Accordingly, on the facts of this case, we find the revocation of probation to be erroneous.

Thus having disposed of the case on this single issue, we need not address the remaining contentions raised by appellant. Therefore, we reverse the judgment of the circuit court.

Judgment reversed.

JONES, P. J., and KASSERMAN, J., concur.