THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN WESLEY POWELL, Defendant-Appellant.

Third District    No. 80-214

Opinion filed October 31, 1980.

Robert Agostinelli and Michael Filipovic, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Keefe, State's Attorney, of Rock Island (John X. Breslin and Kenneth A. Wilhelm, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

On March 6, 1980, the defendant, John Wesley Powell, was found to have violated the conditions of his probation. The trial court, per Judge Donald O'Shea, sentenced the defendant under the Illinois version of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—1—1 *et seq.*) to a three-year term of imprisonment. The issues raised on appeal are: whether the trial court properly considered the defendant's subsequent misdemeanor violation, which was procured without the benefit of defense counsel; whether the State unfairly delayed in petitioning the

court for revocation of probation; and whether the trial court properly sentenced the defendant. We hold that the defendant was improperly sentenced, and we vacate the sentence and remand the cause for reconsideration of the sentence to be imposed in accord with the views expressed in this opinion.

■■ On January 23, 1976, the defendant pleaded guilty to the offense of burglary and, on June 11, 1976, was sentenced to three years probation. Nearly three years later, on March 16, 1979, the State filed a petition to revoke the defendant's probation. Almost one year later, on February 28, 1980, the trial court, relying on an unrelated subsequent misdemeanor violation and at least one failure to report to his probation officer, revoked the defendant's probation and sentenced him to three years of imprisonment pursuant to the 1978 Unified Code of Corrections. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—1—1 et seq.) While the defendant has presented a forceful argument to this court for extending the recent Supreme Court rule of Baldasar v. Illinois (1980), 446 U.S. 222, 64 L. Ed. 2d 169, 100 S. Ct. 1585, to a probation revocation hearing, we decline to do so now because we hold that the State may not use the misdemeanor conviction as a breach of a condition of probation where the State inordinately delayed in petitioning for revocation for 15 months.

The defendant, as a probationer, is protected by the United States Constitution's fourteenth amendment due process right. (Morrissey v. Brewer (1972), 408 U.S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593; Gagnon v. Scarpelli (1973), 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756.) One of those rights accorded him requires the State to petition for revocation of probation without unreasonable delay. (United States v. Tyler (5th Cir. 1979), 605 F.2d 851; People v. Crawford (1980), 85 Ill. App. 3d 366, 406 N.E.2d 861.) In Tyler, the defendant, while on probation, was convicted of three misdemeanor offenses. The petition to revoke the defendant's probation was not filed until the misdemeanor charges were between 14 and 26 months old. The court of appeals held that such a delay in bringing a charge of a violation of probation was unreasonable and reversed the order revoking probation. In Crawford a 17-month delay was held to be an unreasonable denial of the defendant's due process at rights. The reasonableness of the State's delay is measured on a case-by-case determination. People v. Malone (1976), 41 Ill. App. 3d 914, 354 N.E.2d 911.

In the case at bar, the State delayed 15 months between the charge of driving while his license was suspended and the filing of the revocation petition. The State alleges no deception by the defendant in hiding the offense; nor can the State allege that it did not have notice of the misdemeanor charge because it occurred in the same judicial circuit as the first conviction. Instead, the State defends its delay by arguing that the State gave the defendant "a break" by not filing for revocation immedi-

ately. The State misapprehends its role. We, therefore, hold that the 15-month-old conviction may not be used by the trial court hearing the petition to revoke.

■■■ The State also alleged that the defendant breached his probation by failing to report to his probation office. This condition is both commonly used and reasonably required to facilitate the probationer's sentence. Violation of any conditions automatically subjects the defendant to the sentence of imprisonment which might have been originally imposed. (*People v. Dixon* (1976), 41 Ill. App. 3d 910, 354 N.E.2d 638.) In the case at bar, the trial court's sentencing order is unclear as to exactly how many breaches of this condition the court relied on in revoking the defendant's probation. It is clear, however, that at least one of the alleged violations occurred between four and seven months prior to the petition for revocation. Such a delay is not so egregious as to deny the defendant due process of law.

Lastly, we agree with the defendant that because he was originally sentenced under the previous sentencing statute, the sentence imposed at the revocation rehearing should be in accordance with the indeterminate sentencing scheme. Ill. Rev. Stat. 1975, ch. 38, par. 1005—1—1 *et seq.*

Accordingly, the defendant's sentence is vacated, and the cause is remanded to the circuit court for reconsideration of the sentence to be imposed in accordance with the views expressed in this opinion.

Sentence vacated and remanded with directions.

ALLOY, P. J., and SCOTT, J., concur.