THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. KENNETH RAY TILLMAN, Defendant-Appellee.

Fourth District    No. 4—92—0501

Opinion filed December 23, 1992.

Thomas J. Difanis, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Beth McGann, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Defendant Kenneth Tillman pleaded guilty to unlawful use of weapons by a felon. (Ill. Rev. Stat. 1989, ch. 38, par. 24—1.1.) He was sentenced by a Champaign County circuit court to 30 months' probation. A month before his probation term was to expire, the State filed a petition to revoke, alleging defendant had been convicted of a felony for an offense committed in Rock Island County over 10 months earlier. The trial judge dismissed the petition based on inordinate delay by the State in seeking to revoke defendant's probation. The State appeals, arguing dismissal of the petition was improper. We agree and reverse.

In the autumn of 1989, defendant was arrested and pleaded guilty to the unlawful use of weapons by a felon. He was sentenced to 30 months' probation with certain terms, including the payment of $90 as court costs and an order that he not violate any criminal statute of any jurisdiction.

A probation violation report was filed June 20, 1991. It indicated defendant was arrested on May 19, 1991, for theft with a prior theft conviction (Ill. Rev. Stat. 1989, ch. 38, pars. 16—1(a)(1), (b)(2)), and a two-count information was filed in the circuit court of Rock Island County. On July 5, 1991, defendant pleaded guilty to the offense and was sentenced to two years' imprisonment followed by one year's mandatory supervised release.

Another probation violation report was filed July 18, 1991, indicating defendant owed $55 in court costs and had been found guilty of the offense of theft with a prior theft conviction. Defendant's probation officer recommended defendant's probation be revoked based on these reports.

Defendant served only a five-month term of his original two-year term for the theft with a prior theft conviction. He was apparently released in the later part of 1991.

A third probation violation report was filed April 24, 1992, alleging the same violations and again recommending defendant's probation be revoked. On April 30, 1992, the State filed a petition to revoke defend-

ant's probation based on defendant's theft with a prior theft conviction offense and a warrant for defendant's arrest was issued.

At defendant's probation revocation hearing on June 2, 1992, defense counsel contended defendant's due process rights were violated because of the State's delay in filing a petition to revoke probation. Defense counsel argues that whether delay constitutes a due process violation must be decided on a case-by-case basis, citing *People v. Crawford* (1980), 85 Ill. App. 3d 366, 368, 406 N.E.2d 861, 862.

Defense counsel contended if the State had sought revocation earlier defendant may have obtained a negotiated plea for the theft with a prior theft offense which would have considered the effect of the conviction on his probation status. He also argued if defendant had known his probation would be revoked for the theft, he would not have established employment.

The State argued the petition was not filed untimely because it was filed only five months after defendant was released from prison on the theft with a prior theft conviction. The trial judge rejected the State's arguments. He reasoned the operative time was not *when* defendant was released from prison, but rather when he was convicted of the offense for which the State seeks revocation of his probation. Based on his reliance on *People v. Powell* (1980), 89 Ill. App. 3d 801, 412 N.E.2d 47, the trial judge denied the State's petition to revoke.

The trial judge reasoned the 10-month delay between defendant's conviction and the filing of the probation revocation petition was similar to the 15-month delay between the conviction and the State's filing of the petition to revoke defendant's probation in *Powell*. The third district concluded this delay was unreasonable and violated defendant's due process rights. *Powell*, 89 Ill. App. 3d at 802, 412 N.E.2d at 48.

■ Defendants serving a probationary term are guaranteed due process protections. (*Gagnon v. Scarpelli* (1973), 411 U.S. 778, 782, 36 L. Ed. 2d 656, 661-62, 93 S. Ct. 1756, 1759-60.) This protection is more limited than the protection afforded a defendant during the litigation stage of his prosecution. *Morrissey v. Brewer* (1972), 408 U.S. 471, 481, 33 L. Ed. 2d 484, 494, 92 S. Ct. 2593, 2600; *People v. Beard* (1974), 59 Ill. 2d 220, 225, 319 N.E.2d 745, 747.

Procedural protections are afforded a probationer to ensure his liberty is not denied him unjustifiably. They are also provided to ensure the State does not unnecessarily thwart a successful effort at rehabilitation or imprudently prejudice the community's safety. *Gagnon*, 411 U.S. at 785, 36 L. Ed. 2d at 663-64, 93 S. Ct. at 1761.

A defendant has a right to a probation revocation hearing within a reasonable time. (*People v. Williams* (1973), 10 Ill. App. 3d 428, 430,

294 N.E.2d 61, 63.) The trial judge concluded he must consider whether the 10-month period between defendant's conviction and the petition to revoke his probation was reasonable. However, the reasonableness of the State's delay in filing the petition must be evaluated on a case-by-case basis. (*Powell*, 89 Ill. App. 3d at 802, 412 N.E.2d at 48; *People v. Malone* (1976), 41 Ill. App. 3d 914, 918, 354 N.E.2d 911, 914.) An additional factor the trial judge should have considered was whether defendant was prejudiced by the delay. Defendant's due process protections were not infringed.

The facts in defendant's case are distinct from those in *Powell*. The defendant in *Powell* was not incarcerated between the time of his conviction for the offense he committed while on probation and the filing of the petition to revoke. (*Powell*, 89 Ill. App. 3d at 802, 412 N.E.2d at 48.) Defendant in this case was incarcerated for approximately 5 of the 10 months between his conviction and when the State filed the petition to revoke his petition. Unlike *Powell*, defendant was not free on probation and, therefore, under perhaps a misguided view his probation status had not changed.

■ Defendant was released from prison five months before the State filed the petition to revoke his probation. When he was released, the State had a duty to ensure the community was protected from defendant by seeking revocation of his probation. Because he was detained before this time, the State had no compelling reason to seek revocation of his probation. The *Powell* court ruling, upon which defendant relies, noted it would not view a four- to seven-month delay in filing a petition for revocation as a denial of a defendant's due process protections. (*Powell*, 89 Ill. App. 3d at 803, 412 N.E.2d at 49.) The five-month period between defendant's release for the commission of the theft offense while on probation and the State's action in filing the petition to revoke was not an inordinate delay.

Defendant also directs us to argument raised in the circuit court that the delay in seeking revocation of his probation prejudiced him because, had the petition been filed by the time the charges for which he was later convicted were negotiated, the potential revocation of his probation could have affected the agreement reached and the sentence he received for the offense of theft with a prior theft conviction. This argument is without merit. The prosecutor in Champaign County has no legal obligation to file a petition to revoke simply to assist the defendant and his counsel in reaching a plea agreement more satisfactory to them in some other county where defendant unwisely committed another offense.

Moreover, defendant was informed of the condition of his probation that he not violate *any* criminal statute while serving his probation term. He knew committing another offense while serving a probation term could result in revocation of his probation. He was not prejudiced by the five-month delay from his release on the conviction for which the State sought revocation of his probation until the State filed its petition.

Defendant also relies on the fifth district ruling in *Crawford*. The *Crawford* court found defendant's due process protections were violated by a 17-month delay between the date of the alleged probation violation and the filing of the petition to revoke. The trial judge concluded there was no good reason for the delay and noted defendant had served the remainder of his probation without incident and had paid his fine before his probationary period terminated. *Crawford*, 85 Ill. App. 3d at 369, 406 N.E.2d at 863.

The record in this case indicates the probation office filed more than one report against defendant during his probation term. As indicated earlier, the State arguably had reason to delay filing the petition until after defendant was released from incarceration for the offense he committed while serving probation. In addition, in *Crawford*, the initial petition was filed only three days before defendant's two-year term expired and the amended petition was filed nine days after defendant's probation ended. (*Crawford*, 85 Ill. App. 3d at 367, 406 N.E.2d at 862.) The State in defendant's case filed the petition a month before his probation expired. Defendant's trial court assertion that he would not have secured employment had he known his probation was going to be revoked is not an appealing argument. It bespeaks a certain lack of comprehension of the purpose of both probation and employment. Defendant suffered no prejudice as a result.

Our ruling should not encourage delay by the State in filing revocation petitions. In most cases the State should swiftly seek revocation when a defendant's conduct during his term of probation so warrants. The State in this case moved in a sufficiently timely manner when it filed its petition to revoke defendant's probation. We reverse the trial judge's ruling and remand for a hearing on the State's petition.

Reversed and remanded.

McCULLOUGH and LUND, JJ., concur.