THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GREG
A. WHITE, Defendant-Appellant.

Third District   No. 3—94—0763

Opinion filed July 19, 1995.

Mark D. Fisher, of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

In 1989, Gregory A. White pleaded guilty to the offense of aggravated criminal sexual abuse (Ill. Rev. Stat. 1989, ch. 38, par. 12—

16(c)(1)(i)). He was sentenced to a term of four years' probation. In 1994, White's probation was revoked and he was sentenced to a term of four years in the Department of Corrections (DOC). White appeals.

The sole issue raised on appeal is whether White's due process rights were violated by the State's lengthy delay in proceeding on its petition to revoke his probation. In this case, White had no notice of the petition for almost four years after it was filed. Because of the lengthy delay, we agree with White that the State violated his due process rights. Accordingly, we reverse the revocation of White's probation.

## FACTS

On May 19, 1989, White pleaded guilty to the offense of aggravated criminal sexual abuse in Rock Island County. He was sentenced to a term of four years' probation. On July 9, 1990, the State filed a petition to revoke White's probation. The petition alleged that White was charged with committing various criminal offenses on June 6, 1990, in Lake County. On July 12, 1990, a warrant was issued for the defendant's arrest.

In Lake County, White was found guilty, following a bench trial, of aggravated battery (Ill. Rev. Stat. 1989, ch. 38, par. 12—4(b)(8)). On October 1, 1990, White was sentenced in Lake County to an extended term of nine years in the DOC.

On May 17, 1994, White was served with a warrant for his arrest while still in the custody of the DOC. This was his *first* notice that the petition to revoke his probation had been filed in Rock Island County on July 9, 1990. The record shows White was released from the DOC on June 23, 1994. He was immediately taken into custody and placed in the Rock Island County jail. On August 30, 1994, the trial court in Rock Island County found that White had violated the terms of his probation. On October 20, 1994, White was sentenced to a term of four years' imprisonment for his 1989 conviction of aggravated criminal sexual abuse.

White appeals. He argues that his due process rights were violated because of the State's lengthy delay in proceeding on the petition to revoke his probation. We agree.

## BACKGROUND

In Illinois, statutes and supreme court rules set out certain circumstances where the State must bring a criminal defendant to trial within a specified period of time. Section 103—5(a) of the Code of Criminal Procedure of 1963 (Code) states that a defendant in custody for an alleged offense must be tried within 120 days from the date he

was taken into custody, unless certain exceptions apply. (725 ILCS 5/103—5(a) (West 1992).) Under section 103—5(b) of the Code, a defendant out on bail or recognizance who makes a speedy trial demand must be tried within 160 days from the date of the demand. 725 ILCS 5/103—5(b) (West 1992).

Supreme Court Rules 504 and 505 (134 Ill. 2d Rules 504, 505) state the protections available to defendants charged with traffic and certain other misdemeanor offenses. The rules provide that the date set for the accused's appearance in court should be within 49 days after the date of the arrest. (134 Ill. 2d R. 504.) If the accused pleads not guilty, a new appearance date not more than 49 days from the original appearance date will be set. (134 Ill. 2d R. 505.) Also, an accused pleading not guilty may demand a speedy trial pursuant to section 103—5 of the Code. (134 Ill. 2d R. 505.) Our supreme court has recently noted that the "express policy of Rule 505, as well as Rule 504, is to provide a defendant with an early hearing on the merits of his traffic offense and to avoid multiple court appearances." *People v. Williams* (1994), 158 Ill. 2d 62, 68, 630 N.E.2d 824, 827.

The intrastate detainers provision of the Unified Code of Corrections (Unified Code) states that section 103—5(b) of the Code applies to a defendant committed to the DOC who has an untried complaint, charge or indictment pending against him. (730 ILCS 5/3—8—10 (West 1992).) Accordingly, where a defendant makes a demand pursuant to section 3—8—10 of the Unified Code, the defendant must be tried within 160 days from the date of the demand. See *People v. Staten* (1994), 159 Ill. 2d 419, 428-30, 639 N.E.2d 550, 555-56; *People v. Clinard* (1993), 242 Ill. App. 3d 414, 416, 610 N.E.2d 161, 162-63.

Section 5—6—4(b) of the Unified Code is the provision which sets forth a time limit for a hearing on a petition to revoke probation. This statute states:

"[W]here an offender remains incarcerated *only* as a result of his alleged violation of the court's earlier order of probation ***, such hearing shall be held within 14 days of the onset of said incarceration, unless the alleged violation is the commission of another offense by the offender during the period of probation *** in which case such hearing shall be held within the time limits described in Section 103—5 of the Code." (Emphasis added.) 730 ILCS 5/5—6—4(b) (West 1992).

■ The State contends that none of these protections apply to the proceedings to revoke White's probation. We agree. It is obvious that neither section 103—5 of the Code nor Supreme Court Rules 504 and 505 specifically apply to the case at hand. Also, the State points out that the intrastate detainers provision of the Unified Code is ap-

plicable only to "untried complaints, charges or indictments." (See 730 ILCS 5/3—8—10 (West 1992).) Therefore, the State argues that the intrastate detainers provision does not apply to a petition to revoke probation.

In addition, the State notes that section 5—6—4(b) of the Unified Code applies where a defendant is incarcerated *only* as a result of the alleged violation of probation. Here, White was incarcerated in the DOC because of his Lake County conviction.

## APPLICABLE STANDARD

We agree with the State that none of the listed speedy trial protections apply to the facts of this case. However, White is not left without any basis for asserting that his rights were violated by the State's lengthy delay.

■ Probation revocation is not a stage of a criminal prosecution, but does result in a loss of liberty. (*Gagnon v. Scarpelli* (1973), 411 U.S. 778, 782, 36 L. Ed. 2d 656, 661-62, 93 S. Ct. 1756, 1759-60.) Accordingly, defendants serving a probationary term are guaranteed due process protections. (*People v. Tillman* (1992), 237 Ill. App. 3d 971, 973, 605 N.E.2d 736, 738; *People v. Powell* (1980), 89 Ill. App. 3d 801, 802, 412 N.E.2d 47, 48.) This protection is more limited than the protection afforded a defendant during the litigation stage of his prosecution. (*Tillman*, 237 Ill. App. 3d at 973, 605 N.E.2d at 738.) However, Illinois courts have consistently held that a defendant has the right to a probation revocation hearing within a reasonable time. (*Tillman*, 237 Ill. App. 3d at 973-74, 605 N.E.2d at 738; *People v. Randolph* (1981), 98 Ill. App. 3d 696, 700-01, 424 N.E.2d 893, 896.) As a consequence, courts of review have found that an unreasonable delay by the State is a violation of the probationer's due process rights. See *Powell*, 89 Ill. App. 3d at 802-03, 412 N.E.2d at 48; *People v. Crawford* (1980), 85 Ill. App. 3d 366, 368-69, 406 N.E.2d 861, 863.

## ANALYSIS

The State has cited a number of cases where the court found that a probation revocation hearing was held within a reasonable time despite a lengthy delay. (See *Tillman*, 237 Ill. App. 3d 971, 605 N.E.2d 736; *Randolph*, 98 Ill. App. 3d 696, 424 N.E.2d 893; *People v. Smithson* (1978), 65 Ill. App. 3d 564, 382 N.E.2d 536; *People v. Malone* (1976), 41 Ill. App. 3d 914, 354 N.E.2d 911; *People v. Washington* (1975), 28 Ill. App. 3d 812, 329 N.E.2d 471.) However, none of the cases cited by the State involved a lengthy delay in notifying a readily available defendant that a petition to revoke his probation had been filed.

White relies on this court's decision in *Powell*. In that case, we held that a 15-month delay by the State in filing a petition to revoke probation was a violation of the defendant's due process rights. (*Powell*, 89 Ill. App. 3d at 802-03, 412 N.E.2d at 48.) The State argues that *Powell* is easily distinguishable because, unlike the defendant in *Powell*, White was in the DOC for the entire period of the delay. Finally, the State argues that White cannot show he was prejudiced by the delay.

We are not persuaded by the State's argument. In *People v. Belcher* (1989), 186 Ill. App. 3d 202, 542 N.E.2d 419, a criminal complaint was filed against the defendant on December 27, 1985. A warrant for the defendant's arrest was issued the same day. Although the defendant in *Belcher* was in the custody of the DOC from June 3, 1986, to March 3, 1988, he was not arrested on the new charges until April 5, 1988. In determining whether the trial court properly dismissed the charges, the *Belcher* court analyzed whether the defendant's constitutional right to a speedy trial was violated.

Both the Federal and Illinois Constitutions provide that, in criminal prosecutions, the accused has the right to a speedy and public trial. (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8.) The Supreme Court in *Barker v. Wingo* (1972), 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182, stated:

> "[T]he right to speedy trial is a more vague concept than other procedural rights. It is, for example, impossible to determine with precision when the right has been denied. We cannot definitely say how long is too long in a system where justice is supposed to be swift but deliberate." (*Barker*, 407 U.S. at 521, 33 L. Ed. 2d at 112, 92 S. Ct. at 2187.)

The Court then rejected suggestions that it set a specified time period during which a trial must be held. The Court stated that "such a result would require this Court to engage in legislative or rulemaking activity, rather than in the adjudicative process to which we should confine our efforts." *Barker*, 407 U.S. at 523, 33 L. Ed. 2d at 113, 92 S. Ct. at 2188.

The *Barker* Court then identified four factors to assess in determining whether a defendant's right to a speedy trial has been violated. (*Barker*, 407 U.S. at 530, 33 L. Ed. 2d at 116-17, 92 S. Ct. at 2192.) The factors are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. *Barker*, 407 U.S. at 530, 33 L. Ed. 2d at 117, 92 S. Ct. at 2192; *Staten*, 159 Ill. 2d at 426, 639 N.E.2d at 554.

In applying the *Barker* analysis to the facts before it, the *Belcher* court noted that the threshold question is whether the delay was

presumptively prejudicial. The court found that the 29-month delay in arresting the defendant after the charges were filed "falls within the range of delay which courts have considered presumptively prejudicial." (*Belcher*, 186 Ill. App. 3d at 207-08, 542 N.E.2d at 423.) The court then balanced the remaining *Barker* factors.

The *Belcher* court found that the second factor weighed against the State. It noted that the State did not present any reason why it could not have located the defendant. In fact, the defendant was not a fugitive but was in the custody of the State. The court then found that the third factor could not be weighed against the defendant because he was unaware of the charges. The *Belcher* court also concluded that, because of the State's inability to justify the lengthy delay, it was unnecessary for the defendant to show prejudice. (*Belcher*, 186 Ill. App. 3d at 208, 542 N.E.2d at 423; see also *People v. Prince* (1993), 242 Ill. App. 3d 1003, 1010, 611 N.E.2d 105, 110.) The *Belcher* court concluded that the facts overwhelmingly demonstrated that the State violated the defendant's right to a speedy trial. *Belcher*, 186 Ill. App. 3d at 208, 542 N.E.2d at 423.

We clearly recognize that the court in *Washington* said the constitutional right to a speedy trial is inapplicable to probation revocation hearings. (*Washington*, 28 Ill. App. 3d at 813, 329 N.E.2d at 472.) However, we find the situation in *Belcher* is analogous to the case at hand. Both cases involve a lengthy delay in effecting the arrest of a defendant already in the custody of the DOC. Because of the factual similarities, we conclude that the constitutional speedy trial analysis applied in *Belcher* is instructive in determining whether White's due process rights were violated.

■ Like the Court in *Barker*, we decline to set a specified time period during which a probation revocation hearing must be held. However, it is apparent to this court that a delay of almost four years in notifying a defendant that a petition to revoke probation was filed is too long of a delay. Therefore, we conclude that the delay was presumptively prejudicial.

In considering the remaining *Barker* factors, we note that the State has not justified the delay. At oral argument, the State pointed out that the warrant was issued in Rock Island County and was sent to authorities in Lake County. The State argued that it was not the fault of the Rock Island County State's Attorney that the warrant was not served for almost four years. We agree with the State that the record does not show any intentional delay by the Rock Island State's Attorney. However, that fact does not explain or justify the almost four-year delay. Accordingly, the second factor weighs against the State.

As in *Belcher*, we find that the third factor cannot weigh against White because he was not aware of the petition. In addition, because the State has not provided any justification for the delay, we conclude that White does not need to demonstrate prejudice. Based on all of the factors we have reviewed, we conclude that the delay was unreasonable and a violation of White's due process rights.

Additionally, even in civil cases a plaintiff must exercise reasonable diligence to obtain service of process on a defendant or face dismissal of the complaint. (134 Ill. 2d R. 103(b).) The factors courts consider in determining whether to dismiss a civil complaint for lack of due diligence in effecting service are: (1) the length of time to obtain service; (2) the activities of the plaintiff; (3) the plaintiff's knowledge of the defendant's location; (4) the ease with which the defendant's whereabouts could have been determined; (5) the defendant's actual knowledge of the pendency of the action; and (6) any special circumstances which would affect the plaintiff's efforts. (*McCormack v. Leons* (1994), 261 Ill. App. 3d 293, 295-96, 634 N.E.2d 1, 3.) We merely note in passing that if this were a civil case, none of the factors listed above would favor the State.

## CONCLUSION

For the reasons indicated, we find the State's delay in giving White notice of the petition to revoke probation was unreasonable and a violation of White's right to due process of law. Accordingly, we reverse the revocation of White's probation. The judgment of the circuit court of Rock Island County is reversed.

Reversed.

LYTTON and HOLDRIDGE, JJ., concur.