THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DAVID W. BREDEMEIER, Defendant-Appellee.

Fifth District   No. 5—02—0593

Opinion filed February 6, 2004.

WELCH, J., dissenting.

James Creason, State's Attorney, of Salem (Norbert J. Goetten, Stephen E. Norris, and Patrick D. Daly, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel M. Kirwan and Rita K. Peterson, both of State Appellate Defender's Office, of Mt. Vernon, for appellee.

JUSTICE HOPKINS delivered the opinion of the court:

The plaintiff, the State of Illinois, appeals from the trial court's dismissal of its petition to revoke probation, which had been filed against the defendant, David W. Bredemeier. On appeal, the State argues that the trial court erred in holding that a six-year delay in prosecuting its petition to revoke probation was "presumptively prejudicial" and in dismissing its petition to revoke probation. We affirm.

## FACTS

Following a jury trial in Marion County, Illinois, the defendant was convicted of unlawful possession of a weapon by a felon (720 ILCS 5/24—1.1(a) (West 1994)). On February 10, 1995, the court sentenced the defendant to 30 months' probation.

On May 17, 1996, the defendant was convicted of attempted burglary in Gibson County, Indiana, and was sentenced to eight years' incarceration, with two years suspended to probation. On May 30, 1996, the Marion County, Illinois, State's Attorney filed a petition to revoke probation, based upon the 1996 Indiana conviction. The court issued a warrant for the defendant's arrest on June 27, 1996, which the defendant acknowledged he received, apparently while he was incarcerated in Indiana.

On July 24, 1998, the defendant sent to the Marion County courthouse a letter requesting a certified copy of the docket sheet regarding the petition to revoke probation. He stated that he needed this document for evidence when he filed his motion for a speedy trial. The defendant further stated:

> "Please also provide me with the trial rules of your court as I do not have access to such documents in the Indiana Department of Corrections. Also, if there has been a lawyer appointed to represent me in this cause of action, please send the name and address of such, as he/she may be able to get the information that I am now requesting."

On April 7, 1999, the defendant filed a *pro se* "Motion for Relief from Judgment." On August 11, 2000, the defendant sent to the circuit clerk a letter asking that counsel be appointed to represent him in the proceedings on the petition to revoke probation. On September 29, 2000, the defendant sent another letter to the circuit clerk and again asked that counsel be appointed to represent him in proceedings on the petition to revoke probation. On October 16, 2000, the defendant sent the judge a letter, which stated, in pertinent part:

> "I have been trying since 1996 to get a probation matter resolved. I have requested that an attorney be appointed to represent me in this matter to know [*sic*] avail. Three weeks ago, I wrote the court

asking that a[n] attorney be appointed to assist me and I have not heard anything. The State of Illinois filed a Petition for Revocation against me in July of 1996. I have been incarcerated in the Indiana Department of Corrections for almost (5) five years. I have approximately (27) twenty[-]seven months remaining on my Indiana sentence.

* * *

Also, be advised that all my fines have been paid in full, [and] I have requested a fast and speedy [trial] to this matter since it affects my elgibility [sic] to be classified as a level one, et Trusty Status [sic] etc."

On December 4, 2000, the defendant sent a letter to the court, which stated:

"I recently recieved [sic] correspondence from the Clerk of the Court indicating that the court could not take action on my Probation revocation until I complete my Indiana sentence.

Sir, Indiana DOC officials have informed me that if the Illinois Court sends a Transport Order, it would be honored."

All the documents the defendant sent to the court indicated a return address in the Indiana Department of Corrections.

On June 28, 2002, the defendant appeared in court *pro se*, at which time the trial court appointed counsel for him. The record reflects that the defendant had served his sentence in Indiana at that time.

On July 8, 2002, the defendant filed a motion to dismiss the petition to revoke probation. In his motion, the defendant argued that the State's delay in prosecuting the petition violated his due process rights. At the hearing held on the defendant's motion on July 17, 2002, the prosecutor acknowledged that the only prejudice the defendant could claim is that he lost his chance to ask that his sentence in Illinois run concurrently with his sentence in Indiana. The prosecutor stated that he could have asked for a writ but that Indiana would not have honored it. The prosecutor, apparently relying on section 3—8—9 of the Unified Code of Corrections (730 ILCS 5/3—8—9 (West 2002)), advised the court that he had no authority to extradite the defendant from Indiana because a petition to revoke probation is not an "untried complaint, charge[,] or indictment pending against him." The prosecutor acknowledged that he did not try to have the defendant brought to Illinois for the petition to revoke probation while the defendant was incarcerated in Indiana. The prosecutor also acknowledged that the defendant had sent both the State's Attorney's office and the court some letters saying that the defendant wanted to be brought to Illinois from Indiana to take care of the probation revocation proceeding while he was in custody. The prosecutor indicated that he intended

to seek the minimum sentence following the revocation of the defendant's probation, *i.e.*, two years' incarceration.

On July 24, 2002, the trial court entered its order granting the defendant's motion to dismiss the petition to revoke probation. The trial court held that it was fundamentally unfair to delay a hearing on the petition for more than six years and that the State's failure to try to have a hearing on the petition violated the defendant's right to a prompt hearing. The court also noted that there was no evidence that the State had tried and failed to get the defendant back to Illinois when everyone knew where he was and that he wanted a hearing. At the hearing on the State's motion to reconsider, the court reiterated its prior ruling and stated that the State's delay was presumptively prejudicial. The State appeals the trial court's dismissal of the petition to revoke probation.

## ANALYSIS

On appeal, the State argues that there can be no "presumption" that a lengthy delay in a probation revocation proceeding is inherently prejudicial because there is no talismanic formula for determining whether a probation revocation hearing was held within a reasonable time. The State therefore contends that the trial court's ruling that the delay was "presumptively prejudicial" was error. The State also argues that it was the defendant's burden to show that the petition to revoke should be dismissed and that the defendant failed to meet that burden. The State also argues that the defendant failed to show that he was prejudiced by the delay in prosecuting the petition to revoke probation. In addition to answering the State's arguments, the defendant argues that the State's appeal should be dismissed for lack of jurisdiction because Supreme Court Rule 604(a) (188 Ill. 2d R. 604(a)) makes no provision for the appeal of a dismissal of a petition to revoke probation.

■ We first consider the defendant's argument that this court lacks jurisdiction to consider the State's appeal because Rule 604(a) does not provide for the appeal of a dismissal of a petition to revoke probation. In its brief, the State indicated that it was bringing its appeal under the civil appeal rules, *i.e.*, Supreme Court Rule 301 (155 Ill. 2d R. 301). As the State correctly states, a probation revocation proceeding is a civil proceeding. *People v. Lindsey*, 199 Ill. 2d 460 (2002). Because a probation revocation proceeding is civil in nature, the State can appeal an adverse ruling in a probation revocation proceeding under Rule 301, and we have jurisdiction to consider the State's appeal.

The State argues that the trial court's ruling that the six-year

delay in prosecuting the defendant's probation revocation was "presumptively prejudicial" was erroneous. The State also argues that the defendant failed to prove that the probation revocation petition should be dismissed or that the defendant was prejudiced by the six-year delay in prosecuting the petition.

■ The standard of review for a trial court's ruling is *de novo* when the parties do not dispute the facts or the credibility of the witnesses. *People v. Love*, 199 Ill. 2d 269 (2002). Here, the facts and the credibility of the witnesses are not in dispute. Instead, the State questions the trial court's application of the law to the facts.

■ Because a probation revocation involves a potential loss of liberty, probation revocation proceedings must comply with the minimum requirements of due process. *People v. Renner*, 321 Ill. App. 3d 1022 (2001); *People v. White*, 273 Ill. App. 3d 638 (1995). Procedural protections ensure that a probationer's liberty is not unjustifiably denied and that the State does not thwart a successful effort at rehabilitation or imprudently prejudice the community's safety. *People v. Tillman*, 237 Ill. App. 3d 971 (1992). One of the due process protections afforded a defendant in a probation revocation proceeding is that the hearing on the petition must be brought within a reasonable time. *Tillman*, 237 Ill. App. 3d at 973. Whether the State's delay in proceeding on a probation revocation petition is reasonable is evaluated on a case-by-case basis. *Tillman*, 237 Ill. App. 3d at 974. If a defendant does not cause the delay (*People v. Williams*, 309 Ill. App. 3d 1022 (2000)), an unreasonable delay by the State is a violation of the probationer's due process rights. *White*, 273 Ill. App. 3d 638. Other factors a trial court should consider in determining whether a delay in prosecuting a probation revocation was unreasonable are whether the defendant was prejudiced and whether the defendant protected his rights by requesting a hearing. *People v. Randolph*, 98 Ill. App. 3d 696 (1981).

We agree with the State that there are no speedy trial rights attached to a probation revocation proceeding (*White*, 273 Ill. App. 3d at 643) and that a considerable delay, without more, does not make the delay "presumptively prejudicial." However, under the facts of this case, we agree with the trial court that the State's delay was unreasonable.

■ The evidence presented at the hearing on the motion to dismiss established that the State filed its petition to revoke probation six years before it brought the defendant before the court for a hearing on the petition. The State knew where the defendant was during this six-year period but made no attempt to have him brought to Illinois for a hearing. At the hearing, the State considered only section 3—8—9 of

the Unified Code of Corrections (730 ILCS 5/3—8—9 (West 2002)) as a vehicle for obtaining the defendant's presence at a hearing on the probation revocation petition. However, in its appellate brief, the State acknowledged that section 5 of the Uniform Criminal Extradition Act (725 ILCS 225/5 (West 2002)) would have allowed the State to procure the defendant's presence for a hearing while he was still incarcerated in Indiana.

The evidence at the hearing also demonstrated that, because of the State's delay, the defendant lost the opportunity to have his sentence in Illinois run concurrently with his sentence in Indiana. In addition, the State advised the court at the hearing that it intended to seek a two-year sentence for the probation violation. Thus, if the defendant had been given the opportunity to seek concurrent sentences during his incarceration in Indiana and if the court had ordered a concurrent sentence, his Illinois incarceration would have been served by the time he served his time in Indiana. Accordingly, we find that the defendant was prejudiced by the delay.

In addition, as evidenced by his motions and letters contained in the record, the defendant made numerous requests to be transported to Illinois for a hearing on the probation revocation petition. In fact, the prosecutor acknowledged at the hearing that the defendant had sent the State's Attorney's office and the court letters saying that he wanted to be transported from Indiana to Illinois to take care of the probation revocation proceeding while he was in custody.

The record supports the trial court's finding that the State's failure to prosecute its petition to revoke probation within a reasonable time violated the defendant's due process rights, and the trial court was correct in concluding that the State's delay was fundamentally unfair. Accordingly, the trial court properly dismissed the State's probation revocation petition.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Marion County is affirmed.

Affirmed.

MAAG, J., concurs.

JUSTICE WELCH, dissenting:

I respectfully dissent. The circuit court dismissed the State's petition to revoke probation on due process grounds because six years had elapsed between the time the petition to revoke probation was filed

and the time the defendant returned to Illinois to face the allegation that he had violated his probation, and it is upon those same due process grounds that the majority affirms that dismissal. I do not agree with the majority that under the circumstances of this case the defendant's due process rights have been violated. The United States Supreme Court does not attach to revocation proceedings the full range of procedural safeguards associated with a criminal trial, because the probationer already stands convicted of a crime. See *United States v. Sanchez*, 225 F.3d 172, 175 (2d Cir. 2000). A delay between a defendant's violation of probation and the execution of the violation warrant does not, in and of itself, violate a defendant's due process rights. See *Sanchez*, 225 F.3d at 175. Furthermore, the delay in this case does not impair the defendant's ability to contest the revocation petition; either he was convicted of attempted burglary in Indiana or he was not so convicted.

The defendant claims prejudice, however, because he does not have the chance to have his sentences served concurrently. I do not believe that the lost opportunity to ask permission to serve sentences concurrently amounts to the deprivation of a due process right. The statute allowing for concurrent sentencing under the circumstances of this case states, "A defendant who has a previous and unexpired sentence of imprisonment imposed by another state *** and who, after sentence for a crime in Illinois, must return to serve the unexpired prior sentence may have his sentence by the Illinois court ordered to be concurrent with the prior sentence in the other state." 730 ILCS 5/5—8—1(e) (West 2000). The operative word in the statute is "may." The defendant did not have a *right* to concurrent sentences, nor did he have a right to credit against the time he served in Indiana. The defendant has been convicted of felonies in Illinois, Kentucky, and Indiana. The conviction on which he was granted probation in this cause was the defendant's fifth felony conviction. The fact that the circuit court attempted probation on the underlying conviction in the first place must not be allowed to denigrate the gravity of that offense. Rather, it merely indicates that the court was willing to give the defendant a chance. *People v. Reznick*, 141 Ill. App. 3d 593, 598, 491 N.E.2d 444, 447 (1986). Accordingly, I believe that the circuit court should be afforded the discretion to punish the defendant for his violation of probation.

In support of its proposition that a due process violation has occurred, the majority states that "section 5 of the Uniform Criminal Extradition Act (725 ILCS 225/5 (West 2002)) would have allowed the State to procure the defendant's presence for a hearing while he was still incarcerated in Indiana." 346 Ill. App. 3d at 562. I take issue with

that statement on two counts. First, section 5 is couched in permissive, rather than mandatory, language as well, and there is no duty on the part of the requestee state to return the defendant to the requesting state. 725 ILCS 225/5 (West 2002). The defendant has presented no credible evidence that Indiana would have agreed to return him to Illinois for a probation revocation hearing during the defendant's Indiana prison term. Second, although the defendant would presumably be restrained while in transit, the transportation of the defendant to Illinois from Indiana while the defendant was still incarcerated in Indiana nevertheless would expose the citizens of both Indiana and Illinois to unnecessary risk and would divert law enforcement and corrections officers in both states from more pressing duties.