THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ANDRE KENNEDY, Defendant-Appellee.

Fourth District   No. 13114

Opinion filed June 17, 1976.

324

Basil G. Greanias, State's Attorney, of Decatur (Jerry Finney, Assistant State's Attorney, of counsel), for the People.

Richard J. Wilson and Theodore A. Gottfried, both of State Appellate Defender's Office, of Springfield, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant was indicted on charges of possession and delivery of a controlled substance on November 6, 1974. According to the indictment the offenses allegedly occurred on December 5, 1973.

Defendant filed a motion to dismiss the indictment on the ground that the delay between the time the alleged offenses occurred and the indictment so prejudiced defendant that he was denied his right to a speedy trial. A hearing was held on the motion and the trial court dismissed the indictment. The People appeal.

The State first argues that the trial court has no power to dismiss an indictment upon grounds not listed in section 114—1 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 114—1). This issue was decided adversely to the State in our opinion in *People v. Lawson*, 38 Ill. App. 3d 239, 347 N.E.2d 430 (1976).

The motion to dismiss alleged violation of defendant's right to a speedy trial and was argued to the court at the hearing on that ground. It is also clear from the record that the trial judge considered the issue to be precisely that which was stated in the motion, to-wit, whether or not defendant's right to speedy trial had been violated. For example he noted the number of continuances sought and granted to the State after the indictment had been returned, and in directing preparation of the order appealed from stated: "I think the findings are, number one, that he hasn't been given, afforded a speedy trial * * * I think two, the delay has not been reasonably and sufficiently explained, and I think certainly he has been prejudiced by the delay * * *." The trial court's order found that the delay of 11 months before the indictment was handed down and the delay in disposition of the motion to dismiss demonstrated that defendant

had not been afforded a speedy trial within the contemplation of the law or as guaranteed among defendant's rights.

It is clear from the United States Supreme Court opinion in *United States v. Marion*, 404 U.S. 307, 30 L. Ed. 2d 468, 92 S. Ct. 455 (1971), that the Sixth Amendment right to a speedy trial is not applicable in cases of delay between the alleged offense and arrest or charge. The statutory implementation of the constitutional right is also inapplicable since by its terms it applies only to persons in custody, or to those who are on bail or recognizance, and have made demand. (Ill. Rev. Stat. 1973, ch. 38, par.. 103—5.) Therefore the trial court's order dismissing the indictment on this ground must be reversed.

■■ The defendant agrees with the State that the trial court's order cannot be upheld because the right to a speedy trial does not attach until arrest or charge. Defendant argues, however, that the trial court's finding of prejudice by reason of the 11-month delay until indictment is supported by the record and demonstrates that defendant's due process rights have been violated. The court in *Marion* recognized that pre-indictment delay may be so prejudicial as to violate defendant's right to due process even though the charges were filed within the period allowed by the statute of limitations.

■■ The issue as to whether defendant's right to due process has been violated was not presented to the trial court. Although the issue of prejudice to defendant's ability to defend may be relevant to both the speedy trial and due process issues (*Barker v. Wingo*, 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972); *Marion*), the two are not identical. A determination that defendant's due process right has been violated involves issues of fact and it is axiomatic that a reviewing court will not resolve questions of fact.

Accordingly, the judgment of the circuit court of Macon County is reversed and the cause remanded for further proceedings.

Judgment reversed and cause remanded.

CRAVEN, P. J., and GREEN, J., concur.