SIXTH DIVISION
November 9, 2006

No. 1-04-3314

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| ADAN DELGADO, | ) | Honorable |
| | ) | James Linn, |
| Defendant-Appellant. | ) | Judge Presiding |

JUSTICE McNULTY delivered the opinion of the court:

In 2004, a grand jury indicted defendant Adan Delgado for the 1983 murder of Jaime Otero. The trial judge convicted Delgado of voluntary manslaughter and sentenced him to seven years in prison following a bench trial. On appeal, defendant contends that the trial court should have dismissed the indictment due to unreasonable preindictment delay, the evidence did not prove him guilty beyond a reasonable doubt, his trial counsel provided ineffective assistance, and the court imposed an improper sentence. We remand to the trial court for completion of the inquiry into preindictment delay, and we retain jurisdiction to decide all issues following completion of that hearing.BACKGROUND

On October 1, 1983, Adan Delgado stabbed Jaime Otero in front of a bar on Damen Street. Otero died from the wound. A few days after the killing, Delgado went to Mexico, where his mother lived and where he remained until he moved to California. On October 16, 1983, the Chicago police department issued a warrant for Delgado's arrest. In May of 1994, police arrested Delgado in

San Bernardino, California, for a traffic offense.  When they discovered the 1983 warrant, the San Bernardino police contacted officials in Chicago, who declined extradition.

On February 20, 2004, the Chicago police department assigned Detective Salvador Esparza to investigate the circumstances surrounding Otero's death. Esparza contacted Isabel Cruz, a witness to the incident. After receiving word that Delgado might be living in California, Esparza contacted the FBI task force. On April 28, 2004, the task force arrested Delgado at his home in Ontario, California.  Delgado gave Esparza and a Cook County assistant State's Attorney a videotaped statement in which he claimed that he stabbed Otero in self-defense.  Prosecutors then obtained an indictment charging Delgado with murder.

Delgado moved to dismiss the indictment due to the excessive delay between the crime and the indictment.  At the hearing on the motion, he argued that he had lost key defense witnesses during the 20 years that had passed between the incident and the trial:

"THE COURT: What is the prejudice to him?

MS. ROSS [Defense counsel]: Prejudice to him, Judge, are the witnesses.

THE COURT: Who? Who did you lose?

MS. ROSS: Judge, there were witnesses there.

* * *

THE COURT: Can you name anybody?

MS. ROSS: There was a name of one person in particular I believe his name was Cohen who Mr. Delgado was aware of who lived in the area. He has no further name for him.

THE COURT: What is Mr. Cohen going to say?

MS. ROSS: Mr. Cohen is going to say there was a fight and that was self defense, which is of course Mr. Delgado's affirmative defense."

The trial judge denied Delgado's motion to dismiss the indictment:

"THE COURT:  *** I don't find that is a bad faith manipulation of speedy trial rights.

He was stopped in California. He was not extradited. Government acknowledged they didn't have any witnesses. There is no statute of limitations in murder. Only one bite the government will ever get at the apple.

Taking advantage of the fact there is no statute of limitations that they relocated some witnesses at later time, I don't find this is some manipulation of his rights to speedy trial act or anything of the sort."

The court held Delgado's bench trial on September 13, 2004. The trial judge found that Delgado believed, unreasonably, that he needed to use deadly force to defend himself.  Accordingly,

the court found defendant guilty of voluntary manslaughter.

ANALYSIS

Defendant argues that the circuit court erred in denying his motion to dismiss the indictment based on an unreasonable pre-indictment delay of 21 years. The prosecution responds that defendant has failed to satisfy the applicable test our supreme court set forth in <u>People v. Lawson</u>, 67 Ill. 2d 449 (1977).  Our supreme court said:

> "Where there has been a delay between an alleged crime and indictment or arrest or accusation, the defendant must come forward with a clear showing of actual *and* substantial prejudice. Mere assertion of inability to recall is insufficient. If the accused satisfies the trial court that he or she has been substantially prejudiced by the delay, then the burden shifts to the State to show the reasonableness, if not the necessity of the delay.
>
> If this two-step process ascertains both substantial prejudice and reasonableness of a delay, then the court must make a determination based upon a balancing of the interests of the defendant and the public. Factors the court should consider, among others, are the length of the delay and the seriousness of the crime." (Emphasis in original.) <u>Lawson</u>, 67 Ill. 2d at 459.

Both parties contend that we have the authority to apply the Lawson test *de novo*.  "[T]he ultimate determination of whether a defendant's constitutional speedy-trial right has been violated is subject to *de novo* review."  People v. Crane, 195 Ill. 2d 42, 52 (2001).  However, we will uphold the trial court's factual determinations unless they are against the manifest weight of the evidence.  Crane, 195 Ill. 2d at 51.

"The task of judging when a delay has caused actual prejudice, or whether the delay was reasonable, or which of the competing interests outweighs the other in attempting to balance one against the other, is a difficult duty."  People v. Gulley, 83 Ill. App. 3d 1066, 1069 (1980).  Ordinarily, in reviewing the action of the trial court we would carefully examine the trial court's application of each element of the Lawson test to determine whether the trial court erred.  Gulley, 83 Ill. App. 3d at 1069.  In this case, however, we cannot review the application of Lawson because the trial court failed to apply it altogether.

The trial court in People v. Kennedy, 39 Ill. App. 3d 323 (1976), had to decide whether a lengthy preindictment delay denied the defendant his right to due process.  The court held that the prosecutors violated the defendant's constitutional right to a speedy trial and dismissed the indictment on that basis.  On appeal the defendant conceded that the right to a speedy trial had no bearing on the case.  He argued instead that the trial court correctly found that he suffered prejudice due to

ˇ5ˇ

the long delay between the offense and the indictment and, therefore, the appellate court should affirm the dismissal of the indictment.  The appellate court noted that the trial court purported to decide only the speedy trial issue.  The court concluded:

>    "A determination that defendant's due process right has
>    been violated involves issues of fact and it is
>    axiomatic that a reviewing court will not resolve
>    questions of fact.
>
>    Accordingly, the judgment of the circuit court ***
>    [is] reversed and the cause remanded for further
>    proceedings."  Kennedy, 39 Ill. App. 3d at 325.

Following Kennedy, we remand for the trial court to make appropriate findings for each step of the Lawson inquiry.

Defendant raises several other issues on appeal.  In similar circumstances, involving remand for completion of a factual inquiry, some courts have limited the remand and delayed decision on other issues.

In People v. Martinez, 317 Ill. App. 3d 1040, 1042 (2000), the defendant objected when the prosecutor excused a black venireperson because the venireperson regularly read a certain newspaper.  The trial court held that the prosecutor gave a race-neutral explanation and on that basis overruled the defense objection.  The appellate court held that the trial court failed to complete the proper analysis because the court "never

evaluated, pursuant to the third step set forth in Batson [v. Kentucky, 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712 (1986)], the genuineness or persuasiveness of the State's proffered reasons."  Martinez, 317 Ill. App. 3d at 1045.  The appellate court remanded the cause to the trial court "for the limited purpose of allowing the trial court to conduct the proper Batson analysis."  Martinez, 317 Ill. App. 3d at 1046.

Our supreme court has instructed us that when we remand for further proceedings pursuant to Batson, we should retain jurisdiction and announce our judgment on all issues following the completion of the Batson hearing.  People v. Garrett, 139 Ill. 2d 189, 194-95 (1990).  We follow the same procedure here. Thus, we retain jurisdiction in this case and we will announce our judgment on all issues following the completion of the Lawson inquiry. This opinion does not finally dispose of any issues.

CONCLUSION

Because the trial court failed to apply the proper Lawson analysis in determining whether the preindictment delay of over 20 years violated defendant's due process rights, we remand for application of Lawson.  We retain jurisdiction, and we will resolve all issues following completion of further proceedings in the trial court.

Remanded with instructions.

FITZGERALD SMITH, P.J., and JOSEPH GORDON, J., concur.